Irving Younger, J.
This motion illuminates an anomaly in our insurance laws which, ,so far as my research discloses, has gone unnoticed until now.
Epstein sued Kernon for damages arising out of an accident which happened when Kernon, a passenger in a taxicab, opened the cab’s door into the path of Epstein’s car. A collision ensued.
Kernon has lodged a third-party complaint against Shamrock Casualty Company seeking declaratory relief. The gist of her cause of action is that Shamrock insured the owner of the taxicab and hence became her insurer, obliged both to defend the action on her behalf and to pay any judgment Epstein may obtain against her. Shamrock moves to dismiss the third-party complaint under CPLR 3211. Its motion is actually one for summary judgment under CPLR 3212, and I shall so consider it, as I may under CPLR 3211 (subd. [c]).
To “ operate ” a vehicle means to drive it. (Vehicle and Traffic Law, § 127.) To “use ” it means what the dictionary says: the statute gives no definition, and I see no reason to labor the point here. When she opened the taxicab’s door, then, Kernon was “ using ” the cab but not “ operating ” it. Section 388 of the Vehicle and Traffic Law provides: “ Every owner of a vehicle used or operated in this state shall be liable for death or injuries to person or property resulting* from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.” (Italics supplied.) It follows that, if Kernon opened the door negligently and Epstein were injured as a result, the cab’s owner would be liable to Epstein. The peculiarity of this case is that Epstein has sued only Kernon. He asserts no claim against the owner.
Under the omnibus coverage clause typically encountered in family automobile policies, the ‘ ‘ insured ’ ’ is deemed to be not only the owner of the car, but anyone “ using ” it with the own *31 er’s permission. (See, e.g., Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442, 446.) Coverage, in short, is coterminous with liability. Any person whose negligent use of the vehicle would render the owner liable is also, by the policy’s terms, one of those insured.
Here, however, we are not dealing with family automobile insurance. We are concerned with a policy issued by Shamrock to the taxicab’s owner in accordance with section 370 of the Vehicle and Traffic Law, a statute which, in essence, regulates the insurance a common carrier must maintain. Such a policy, says the statute, shall ‘1 contain a provision that [it] shall inure to the benefit of any person legally operating” the vehicle in the owner’s business and with his permission. Shamrock’s policy tracks the statutory language in haec verba. It says that the policy inures to the benefit of operators. It says nothing about the policy inuring to the benefit of users. I conclude, accordingly, that the persons insured are the owner and his drivers. Someone like Kernon, who used but did not operate the cab, is simply not among those insured. (See General Acc. Fire & Life Assur. Corp. v. Piazza, 4 N Y 2d 659,, 665-666; cf. Board of Educ. v. Travelers Ind. Co., 25 A D 2d 599, where ‘1 insured ’ ’ was defined to include both the owner and the users of the owner’s vehicle.)
The coverage extended by Shamrock to the owner and his drivers includes damages ‘ ‘ resulting from the * # * use ’ ’ of the vehicle. This is required by section 388 of the Vehicle and Traffic Law, quoted above, and would make Shamrock liable to defend any action brought against the owner or his drivers as a result of Kernon’s negligent opening of the cab’s door. But since Kernon is not an additional insured, the policy’s coverage does not extend to Epstein’s suit against her. As to that, Kernon is merely an uninsured person.
That the result would be different under a family automobile policy is the perhaps unintended consequence of the words used in section 370 of the Vehicle and Traffic Law. What the Legislature wrote, nevertheless, marks the path which I am constrained to follow.
The cab’s owner, in sum, is liable for Kernon’s negligent use of the cab. Had Epstein sued the owner, Shamrock would have been obliged to defend on his behalf. Epstein has chosen not to sue the owner. He sues only the passenger, Kernon. Neither the statute nor the language of the policy requires Shamrock to defend Kernon. Shamrock’s responsibilities are limited by *32 its policy, so long as those limits are consistent with law. They are. I therefore hold Shamrock to have no duty to defend Kernon or to pay any judgment Epstein may procure against her, and grant Shamrock’s motion. Summary judgment may be entered in Shamrock’s favor dismissing the third-party complaint.