Stevens, J.
On April 8, 1967, plaintiffs were passengers in a car operated by defendant Efrain Morales, which was involved in an accident as a result of which plaintiffs allegedly suffered certain personal injuries. The car had been leased by Morales from defendant Abco Leasing Company, Ltd. (Abco), and was insured under a policy of insurance issued by Eveready Insurance Company (Eveready) to Abco. Sometime after the accident, Eveready, by letter, disclaimed coverage by reason of language appearing in its typewritten Automobile Endorsement No. 3, attached to and forming a part of the policy. The introductory and relevant language states, “It is understood and agreed that coverage does not apply as respects vehicles used as or engaged in any of the following: * * * 2. Drive-Yourself private passenger vehicles (except leased on annual basis.) ”. It was and is Eveready’s position that the car *47 involved was not leased on an annual basis and therefore it is not obligated to defend.
The primary issue is whether the disclaimer is valid. A second question might be, assuming the disclaimer valid, whether as a practice Eveready has waived the provision with respect to cars leased by Abco.
Subdivision 2 of section 167 of the Insurance Law provides that: “ No policy or contract of personal injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or operation of any motor vehicle * * * shall be issued or delivered in this state to the owner thereof, or shall be issued or delivered by any authorized insurer upon any such vehicle * * * principally garaged or principally used in this state, unless it contains a provision insuring the named insured against liability for death or injury sustained, or loss or damage occasioned within the coverage of the policy * * * as a result of negligence in the operation or use of such vehicle by any person operating or using the same with the permission, express or implied, of the named insured ”. (See, also, Insurance Law, § 167, subd. 2-a.)
Morales had the permission of the owner and was authorized to operate the vehicle by reason of his status as the lessee.
Section 311 (subd. 4, par. [a]) of the Vehicle and Traffic Law defines the term “ owner’s policy of liability insurance ” as a policy “ Affording coverage as defined in the minimum provisions prescribed in a regulation which shall be promulgated by the superintendent [of insurance] at least ninety days prior to effective date of this act.’* The subdivision also recites that such policy must insure against liability for damages, ‘1 including damages for care and loss of services, because of bodily injury * * * or death * * * arising out of the ownership, maintenance, use, or operation of a specific motor vehicle ” within this State. The whole object of compulsory automobile insurance is to assure the protection of members of the public, who are innocent victims of motor vehicle accidents, by providing compensation for and protection from tortious wrongs committed against them.
Section 60.1 of the Regulations of the Superintendent of Insurance (11 NYCRR 60.1) deals with the mandatory provisions required to be contained in an “ owner’s policy of liability *48 insurance ” and, in part, repeats the above quoted language of section 167 of the Insurance Law, and section 311 of the Vehicle and Traffic Law specifying mandatory minimum coverage and obligating the insurer, subject to the terms of the policy, to defend suits with respect to such insurance. Section 60.1(c) includes within the term “ insured ” any other person using the motor vehicle with the permission of the named insured. Section 60.4 makes the owner’s policy subject to the applicable provisions of section 167 of the Insurance Law, while section 60.5 affords a presumption that issued policies satisfy the minimum requirements provided they contain the provisions required by section 167 of the Insurance Law.
Section 60.2 sets forth the exclusions permitted in an “ owner’s policy of liability insurance ”. An exclusion of the nature contained in the policy issued to Abco is not among those enumerated. Under the maxim expressio unius est exclusio alterius, it would seem that an exclusion of the type contained in Abco’s policy is without the approval or protection of the law. Moreover, to tolerate such an exclusion would leave innocent victims, acting in good faith, and presumably, in reliance upon Abco’s compliance with the law, without legal redress or prospect of recompense for injuries sustained, since there is no indication here of other coverage.
While there are of course recognized exclusions where a particular use requires special registration and special coverage, this is not such a case.
Section 109 of the Insurance Law of 1909 (now § 167) had as its purpose the protection of injured plaintiffs (Jackson v. Citizens Cas. Co., 277 N. Y. 385, 390). This objective is furthered by article 6 of the Vehicle and Traffic Law, known as the “ Motor Vehicle Financial Security Act ”. It is the public policy of New York to protect the innocent victims of traffic accidents (Vehicle and Traffic Law, §§ 310, 370). “ The legislature determines that it is a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them.” (Vehicle and Traffic Law, § 310, subd. [2]). While the section recognizes the advantage of private *49 enterprise operating in a competitive market to provide security, and disclaims any intention of effecting any change in article 8 of the Insurance Law, as applied to automobile insurance rate-making, such language is not to be construed as authority for an insurer to evade the plain intent of the law as expressed in article 6. of the Vehicle and Traffic Law, and elsewhere. We do not attribute the same significance to the language of article 6 as Eveready urges upon us.
Once Eveready issued its policy to Abco, its obligation, with the exception of permitted exclusions, arose by operation of law and was as broad as the requirements of the applicable statutes. Any attempted exclusion, not permitted by law, would not serve to limit its responsibility under the policy, whatever its private agreement with Abco (see Stuyvesant Ins. Co. v. Renaldo, 41 Misc 2d. 285; Duprey v. Security Mut. Cas. Co., 43 Misc 2d 811). The policy of insurance issued must be as broad as the insured owner’s, liability for use of the vehicle by the owner or anyone using the vehicle with his permission (Vehicle and Traffic Law, § 388, subds. 1, 4; Insurance Law, § 167, subd. 2).
There is nothing in the record to indicate that Morales knew or had reason to believe that by leasing and operating the car he was exposing himself to the risk of operating an uninsured vehicle. Eveready was paid for coverage of the vehicle, and its attempt to limit or withdraw such coverage, based not upon any improper or special use of the vehicle, but solely upon the time limit of the rental agreement, is contrary to and in conflict with the public policy of this State. Moreover, Eveready would be compensated when it is not at risk, and thus unjustly enriched to the detriment of the public, which eventually bears the burden through MVAIC, and the innocent victims here who could be denied compensation.
It is concluded that the exclusion is contrary to law and to the public policy of this State. We note also that the fact that Abco was making such leases was brought home to Eveready on several occasions. In at least one instance it appears that Eveready paid a claim arising out of a short term lease, thereby waiving its right to assert the claimed defense.
The order of the Appellate Division should be reversed,, the judgment vacated and judgment directed to be entered in favor *50 of plaintiffs-appellants and MVAIC, declaring that the disclaimer is invalid and that Bveready is obligated to defend and, in the event ¡of judgment in favor of plaintiffs, to pay such judgment or judgments. Costs are awarded plaintiffs-appellants in all courts.
Chief Judge Bbbitel and Judges Jasen, Gabrielli, Jones, Wachtler and Babin concur.
Order reversed, with costs in all courts, and judgment granted in favor of appellants in accordance with the opinion herein.