OPINION OF THE COURT
Wachtler, J.
On June 7, 1973, Fjalar Sten, a New York resident, rented a van registered in Massachusetts from Ryder Truck Rental and Ryder System (collectively referred to as Ryder) in New York City. According to the written agreement Sten rented the vehicle for three days, and was to deliver it on June 10 to Ryder in Portland, Maine. The agreement, which provided Sten with liability insurance, excluded coverage for “any injuries of any nature whatsoever to Customer’s agents, employees, guests * * * or other occupants of the Vehicle”. (Rental Contract, par 8, cl [b]). En route to Portland, while in Massachusetts, Sten was joined by a friend, Reino Helin, who was to accompany Sten for the remainder of the trip. On June 10 Sten lost control of the van. The vehicle overturned and Helin was killed instantly.
Helin’s widow commenced an action in Supreme Court, New York County, against Ryder and Sten. Sten was represented by Travelers Indemnity pursuant to an insurance contract issued to Sten on his car. This policy provided liability coverage to Sten for injuries arising from his operation of vehicles other than his own. Ryder disclaimed liability and moved for summary judgment. Special Term granted the motion and severed the action, holding Maine’s guest statute, exempting rental vehicle owners from liability for injuries to passengers, controlling. No appeal was taken from that judgment.
Travelers brought the present action seeking a declaration that the exclusion of guest coverage in the policy issued by Ryder to Sten violates subdivision 2 of section 167 of the Insurance Law and New York public policy. Special Term dismissed the complaint, and the Appellate Division unani *142 mously modified to the extent of declaring the challenged exclusion valid.
The issue is whether the exclusion of guest coverage in the insurance policy issued by Ryder to Sten is void as violative of subdivision 2 of section 167 of the Insurance Law and public policy. We hold on the facts of this case that the challenged exclusion is valid.
It is of vital concern that victims of automobile accidents do not go uncompensated for the injuries inflicted on them (Motor Vehicle Acc. Ind. Corp. v Continental Nat. Amer. Group Co., 35 NY2d 260; Rosado v Eveready Ins. Co., 34 NY2d 43; Vehicle and Traffic Law, § 310). To help implement this public policy the Legislature enacted subdivision 2 of section 167 of the Insurance Law which provides: "No policy or contract of personal injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or operation of any motor vehicle * * * shall be issued or delivered in this state to the owner thereof, or shall be issued or delivered by any authorized insurer upon any such vehicle * * * principally garaged or principally used in this state, unless it contains a provision insuring the named insured”. Among the required provisions is coverage for injuries suffered by a passenger in the vehicle (Vehicle and Traffic Law, § 311; 11 NYCRR 60.1).
The Appellate Division held that since the van involved in the accident was not principally garaged or used in this State, subdivision 2 of section 167 did not operate to void the exclusion of guest coverage. Travelers argues that "[t]he Appellate Division placed too great an emphasis on the phrase 'principally garaged or principally used in this state’ ”. According to Travelers "[t]he important factor is that the rental agency does garage and use vehicles in this state”. We disagree.
In enacting subdivision 2 of section 167 the Legislature declared that only policies issued on vehicles principally garaged or used in this State would be subject to the mandatory insurance provisions. To interpret the statute as Travelers urges would be to ignore the statute’s very language and to trespass into the province of the Legislature. As the Appellate Division correctly noted, "The vehicle here involved was registered in Massachusetts. It was only temporarily in New York at the time Sten picked it up.” Indeed the complaint does not even allege that the van was principally garaged or used in *143 New York State. The insurance requirements contained in subdivision 2 of section 167 are therefore inapplicable to the insurance policy in question, and the challenged exclusion of guest coverage may not be said to violate the statute.
Accordingly the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Fuchsberg concur with Judge Wachtler.
Order affirmed.