■ 1303 WEBSTER AVENUE REALTY CORP., Respondent, v GREAT AMERICAN SURPLUS LINES INSURANCE COMPANY et al., Appellants. — Order, Supreme Court, Bronx County (Alfred J. Callahan, J.), entered on or about May 25, 1982, which denied defendants' motion to dismiss the complaint as time barred, is unanimously reversed, on the law, and the motion is granted, with costs. Plaintiff owned premises located at 1303-1321 Webster Avenue in The Bronx, which it had insured against fire loss with the two defendant carriers. On September 3, 1979, the premises were substantially destroyed by fire. The defendants refused to pay for this loss. Concededly more than two years after the date of the fire, plaintiff commenced the instant action against defendants. In place of filing answers, the defendants moved to dismiss the complaint as being untimely, pursuant to the provisions of subdivision 5 of section 168 of the Insurance Law (as amd by L 1975, ch 560, § 1) which mandates that any action to recover proceeds under a fire insurance policy must be "commenced within two years next after inception of the loss". Trial Term denied defendants' motion because their policies did not conform with the Insurance Law since they both contained a one-year Statute of Limitations. We disagree with Trial Term. "In all respects in which the provisions of an insurance policy violate the requirements or prohibitions of the Insurance Law, the policy is enforceable as if it conformed with such requirements or prohibitions (Insurance Law, § 143, subd 1; *Rosado v Eveready Ins. Co.,* 34 NY2d 43, 49)" (*Bersani v General Acc. Fire & Life Assur. Corp.,* 36 NY2d 457, 460). Thus, we conclude that the provisions of the Insurance Law are applicable to plaintiff's claim. Concur — Kupferman, J. P., Sullivan, Ross, Milonas and Alexander, JJ.