■ ALLSTATE INSURANCE COMPANY, Appellant, v AETNA CASUALTY & SURETY COMPANY et al., Respondents. [595 NYS2d 552] —In an action by the primary insurer for reimbursement, the plaintiff appeals from an order of the Supreme Court, Suffolk

County (Jones, J.), entered April 3, 1991, which denied its motion for summary judgment and granted the defendants' cross motions for summary judgment dismissing the complaint, and for an award of attorneys' fees to the defendant Linda Friedman.

Ordered that the order is affirmed, with one bill of costs.

On September 24, 1987, Linda Friedman injured Yvonne Goeller in an automobile accident. At the time, Friedman was driving a car owned by her neighbors, with their permission. The neighbors held primary and umbrella liability insurance policies issued by Allstate Insurance Company (hereinafter Allstate). When Goeller sued Friedman, Allstate treated Friedman as an insured under the policies and assumed complete control of her defense. Allstate claims that in June 1989 it first discovered that Friedman held a liability insurance policy issued by Aetna Casualty & Surety Company (hereinafter Aetna), although Friedman testified that she informed Allstate of the Aetna policy immediately after the accident. By June 1989 summary judgment had already been awarded to Goeller against Friedman in the underlying personal injury action. In September 1989 Allstate informed Aetna in writing of the accident and personal injury action. In January 1990 Aetna disclaimed liability in writing on the ground that, by failing to timely inform Aetna of the accident and lawsuit, Allstate had made it impossible for Aetna to defend the action and prejudiced Aetna's rights. Allstate settled the personal injury action for $250,000, and then commenced the present action against Aetna and Friedman. Allstate moved, and the defendants cross-moved, for summary judgment. The Supreme Court denied Allstate's motion for summary judgment and granted the defendants' cross motions for summary judgment dismissing the complaint and Friedman's request for reasonable attorneys' fees, based upon a provision in Allstate's primary policy promising to defend an insured person sued as the result of an automobile accident, even if the suit was groundless or false, and to pay court costs for a defense.

We disagree with Allstate's contention that Aetna was estopped from disclaiming liability pursuant to Insurance Law § 3420 (d). The court found as a matter of fact that under the circumstances of this case, Aetna's delay in disclaiming was not unreasonable. Moreover, that Allstate's two-year delay in informing Aetna of the accident and resulting action prejudiced Aetna's rights is beyond dispute.

We also find that, contrary to Allstate's contentions, Fried-

man was covered under Allstate's excess coverage policy *(see,* Insurance Law § 3420 [e]; 11 NYCRR 60-1.1 [c] [2]; *Rosado v Eveready Ins. Co.,* 34 NY2d 43; *Allcity Ins. Co. v Williams,* 120 AD2d 1).

Moreover, Friedman was entitled to reasonable attorneys' fees. Allstate's action against Friedman arose out of the accident. Therefore, by the terms of the policy, Allstate was obligated to defend Friedman in this action. Furthermore, where a conflict of interest between insured and insurer requires an insured to hire independent counsel, the insurer is not relieved of its contractual duty to defend the insured *(see, Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392).

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.