OPINION OF THE COURT
Stephen G. Crane, J.
Plaintiff moves to consolidate Actions 1 and 2 both seeking declaratory judgments. Defendants cross-move for summary judgment.[1] The summary judgment motion is deemed to have been made by the defendants in both actions. Both motions are granted.
Both cases arise out of a motor vehicle accident on September 3, 1990. Plaintiff’s wife had previously rented a car from Avis Rent-A-Car (Avis) and plaintiff Stephen Radin (Radin) was driving the automobile with his wife’s permission. The car is owned by P.V. Holding Corporation. Radin drove the car into Robert Weisbein causing serious injuries. Weisbein sued both Radin and Avis, and Avis cross-claimed against Radin seeking indemnification. This underlying action settled on March 22, 1993, for $400,000 which was paid by Avis. However, Radin stipulated that only $350,000 was a fair and reasonable settlement. The $50,000 differential has been absorbed by Avis.
Action 1 was commenced in September 1992, seeking a declaration to establish the extent of liability insurance which Avis and its insurer, Continental Casualty Company (Conti *372 nental), the defendant in Action 2, are required to afford to the plaintiff. Continental insured, under a $1,000,000 combined single limit excess liability policy, all owned, nonowned and hired motor vehicles of Avis or P.V. Holding. Avis claims this policy does not insure a renter of a vehicle unless the renter pays an additional rental charge. Action 2 seeks a declaration that the policy issued to Avis by Continental affords insurance to Radin.
The Rental Agreement states in relevant part: "liability INSURANCE. ANYONE DRIVING THE CAR AS PERMITTED BY THIS AGREEMENT WILL BE PROTECTED AGAINST LIABILITY FOR CAUSING BODILY INJURY OR DEATH TO OTHERS OR DAMAGING THE PROPERTY OF SOMEONE OTHER THAN THE DRIVER AND/OR THE RENTER UP TO THE MINIMUM FINANCIAL RESPONSIBILITY LIMITS REQUIRED BY APPLICABLE LAW ** * * YOU [AVIS] CAN PROVIDE COVERAGE UNDER A CERTIFICATE OF SELF-INSURANCE OR AN INSURANCE policy, or both, as you [avis] choose” (back of Rental Agreement specimen, exhibit to the supplemental affirmation of Philip Hoffer [hereinafter Rental Agreement]). Mrs. Radin claims that the Rental Agreement she signed when she rented the car differed from the one she signed when she returned the car in that the first did not contain any terms on the back. However, the contracts clearly state in bold red type "I have read and agree to the terms on both sides of this agreement.” The terms on the back of the Rental Agreement are legible. The plaintiff has not established that the terms of the first contract differ from the ones produced.
Avis relies on Vehicle and Traffic Law § 370 which provides for a minimum coverage of $10,000 for damages for personal injuries[2] and on Insurance Law § 3420 (e).[3]
*373 The Continental policy with Avis states in relevant part:
”1. You are an insured for any covered auto.
"2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except: [the exceptions are not applicable in the case at bar]” (Policy Jacket § IIID).
"it is agreed that such insurance as is afforded by the POLICY APPLIES SUBJECT TO THE FOLLOWING PROVISIONS:
"1. $1,000,000. SHALL BE DEDUCTED FROM THE TOTAL AMOUNT *374 OF ALL SUMS WHICH THE INSURED SHALL BECOME LEGALLY OBLIGATED TO PAY AS DAMAGES IN A SUIT ON ACCOUNT OF EACH OCCURRENCE, UNDER THESE POLICIES * * * AND SELF INSURED PROGRAM AND THE COMPANY SHALL BE LIABLE ONLY FOR THE DIFFERENCE BETWEEN SUCH DEDUCTIBLE AMOUNT AND THE LIMIT OF THE COMPANY’S LIABILITY FOR EACH OCCURRENCE AS STATED in the policy.” (Endorsement No. 7.)
"ADDITIONAL INSURED ENDORSEMENT — IN CONSIDERATION OF THE PREMIUM CHARGED, IT IS AGREED THAT NO LESSEE OR RENTER OF ANY AUTOMOBILE OWNED BY ANY INSURED, OR THE PERMITTEE OF SUCH LESSEE OR RENTER, OR OTHER PERSON OR ORGANIZATION NOT A NAMED INSURED OR OTHERWISE DEFINED AS AN INSURED IN SUBPARAGRAPH A) OR B> OF THE DEFINITION OF 'INSURED’, THAT IS LEGALLY RESPONSIBLE FOR THE USE OF THE AUTOMOBILE BY SUCH A LESSEE, RENTER, OR THE PERMITTEE OR EITHER, SHALL BE AN INSURED UNDER THIS POLICY UNLESS THEY ARE ADDED AS AN INSURED OR ADDITIONAL INSURED BY SPECIFYING ENDORSEMENT TO THE POLICY.
"HOWEVER, IT IS FURTHER AGREED THAT THE PREVIOUS PARAGRAPH SHALL NOT APPLY IN CASES WHERE THE NAMED INSURED HAS AGREED BY CONTRACT TO PROVIDE INSURANCE FOR THE LESSEE OR RENTER OF ANY AUTOMOBILE OWNED BY THE INSUREDS, OR OTHER PERSON OR ORGANIZATION LEGALLY RESPONSIBLE FOR ITS USE, BUT IN NO EVENT SHALL THE LIMITS OF COVERAGE FURNISHED TO SUCH PERSON OR ORGANIZATION EXCEED THE CONTRACTUAL OBLIGATION OF THE NAMED INSURED TO PROVIDE such insurance.” (Endorsement No. 18.)
Plaintiff first asserts that he is entitled to coverage under Avis’ policy with Continental up to the $1,000,000 limit. While a permissive user is an insured under the terms of the Continental policy jacket, the policy itself, which supersedes the jacket, specifically limits its force and states that no renter or permissive users shall be insured unless specifically added as an insured or where the named insured agrees by contract to provide insurance to them. Avis would provide this insurance to renters for a fee. When plaintiff’s wife rented the car, she declined this additional insurance coverage. Therefore, by the terms of the contract, Radin was not an insured.
Plaintiff next asserts that although the contract language itself might limit who is an insured, State law prohibits this limitation as Radin was a permissive user of the car. Radin claims that as a permissive user of the insured, i.e., Avis, he is an insured under the policy because Vehicle and Traffic Law *375 § 370 (1) (b) requires that an owner’s insurance policy inure to the benefit of a permissive user "in the same manner and under the same conditions and to the same extent as to the owner.”
Plaintiff mistakenly relies on only part of a sentence in Vehicle and Traffic Law § 370 when the entire sentence must be read to gather its full meaning. The sentence reads: "Any such bond or policy of insurance shall also contain a provision that such bond or policy of insurance shall inure to the benefit of any person legally operating the motor vehicle or motorcycle in the business of the owner and with his permission, in the same manner and under the same conditions and to the same extent as to the owner”. (Vehicle and Traffic Law § 370 [1] [b] [emphasis added].) Avis is the owner of the automobile but Radin was not operating the motor vehicle "in the business of the owner.”[4] Consequently, a lessee is not afforded any protection by this statutory provision and plaintiff’s reliance on it is misplaced.
Plaintiff’s second argument as to why he should be a beneficiary of the Continental policy is that the term "insured” includes permissive users by statute. Radin was operating the vehicle with his wife’s permission and it appears that he was a permissive driver under the terms of the Rental Agreement. The Rental Agreement states: "who else may drive the car. ONLY MY SPOUSE * * * MAY DRIVE THE CAR BUT ONLY WITH MY PRIOR PERMISSION * * * THERE MAY BE A CHARGE FOR EACH ADDITIONAL DRIVER AUTHORIZED TO DRIVE THE CAR.” He Contends that 11 NYCRR 60-1.1 (c)[5] supersedes the Rental Agree *376 ment. Radin’s wife was a permissive user of the vehicle because, as a renter of the vehicle, Avis gave her permission to use it. His argument further assumes that he was using the vehicle within the scope of the permission Avis gave to his wife. Thus, he argues, by operation of law he was an insured under the Continental policy. Nevertheless, his wife did not pay the supplemental charge for the extra insurance, and, therefore, by the terms of the contract itself, Radin is not entitled to the benefit of the policy.
In Rosado v Eveready Ins. Co. (34 NY2d 43) Mr. Morales leased a car from Abco which was insured by Eveready. The Rosados were passengers in the car operated by Morales and were injured in an accident. The Court stated in relevant part
"Morales had the permission of the owner and was authorized to operate the vehicle by reason of his status as the lessee * * * The whole object of compulsory automobile insurance is to assure the protection of members of the public, who are innocent victims of motor vehicle accidents, by providing compensation for and protection from tortious wrongs committed against them * * *
"Section 60.1 of the Regulations of the Superintendent of Insurance (11 NYCRR 60.1) deals with the mandatory provisions required to be contained in an ’owner’s policy of liability insurance’ * * * Section 60.1 (c) includes within the term ’insured’ any other person using the motor vehicle with the permission of the named insured * * *
"Once Eveready issued its policy to Abco, its obligation, with the exception of permitted exclusions, arose by operation of law and was as broad as the requirements of the applicable statutes. Any attempted exclusion, not permitted by law, would not serve to limit its responsibility under the policy, whatever its private agreement with Abco [citations omitted]. The policy of insurance issued must be as broad as the insured owner’s liability for use of the vehicle by the owner or anyone using the vehicle with his permission (Vehicle and Traffic Law, § 388, subds. 1, 4; Insurance Law, § 167, subd. 2).” (Rosado v Eveready Ins. Co., supra, at 47-49.)
The case at bar differs significantly from Rosado (supra) in that Mr. Weisbein has already been compensated for his injuries with the issue now being who has ultimate liability for this payment. The public policy concerns in Rosado, to protect the innocent victims of traffic accidents, are not invoked here. Furthermore, Radin specifically declined this *377 additional coverage and Avis has provided the statutory minimum coverage. Therefore, excluding Radin under Continental’s excess policy does not appear to be contrary to law or public policy.
In Allstate Ins. Co. v Aetna Cas. & Sur. Co. (191 AD2d 665), Ms. Friedman was in an accident while driving a car borrowed from a friend. The friend as owner had an excess insurance policy from Allstate which provided coverage for the vehicle for the named insured and family members, but did not specifically extend to permissive users. The Court found that under 11 NYCRR 60-1.1 (c) (2) Ms. Friedman was an insured under the car owner’s insurance policy as a permissive user of the named insured.
The case at bar is distinguishable in that Radin rented the car from Avis pursuant to a written contract. Avis has satisfied any public policy concerns by agreeing to pay the $10,000 coverage provided for under its self-insurance. The Rental Agreement specifically requires payment of a fee in order to cover a lessee under the Continental policy whereas in the Allstate case (supra) there was no such agreement.
This is not a case of an insurer seeking subrogation against its own insured for a claim arising from the very risk for which the insured was covered. (See, Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465.) This is a case where the passive tortfeasor, Avis, is seeking indemnity from the active tortfeasor, Radin. This is a common-law and contractual right. (See, Hertz Corp. v Luken, 126 AD2d 446; Indemnification section of Rental Agreement.)
In Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co. (168 AD2d 121 [2d Dept 1991]), the owner and lessor of the car, Oxford, was insured by Liberty Mutual. The policy covered automobiles under rental agreements in which Oxford agreed to provide insurance. The policy was for $1,000,000, but had a step-down provision whereby the insurance to the lessee was subject to the terms contained in the lease, including limits of liability. The lease between Oxford and the lessee provided insurance of $100,000 per person and $300,000 per accident. Therefore, the one Liberty policy provided two separate levels of coverage: $1,000,000 for Oxford or $100,000 for the lessee. The Appellate Division held that although not specifically authorized by law, a two-tier policy was legal. "[I]nsurance policies, like all contracts, should be enforced according to their terms unless they are prohibited by public policy, statute *378 or rule [citations omitted]” (Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co., at 131). The Court also adopted the holding of Guaranty Natl. Ins. Co. v Kemper Fin. Servs. (667 F Supp 714, affd 877 F2d 64) which stated that there was no "cogent argument * * * which suggests that the owner of a vehicle should be precluded from insuring itself against liability at a higher limit than the limit it provides for a permissive user, such as a [lessee]” (Guaranty Natl. Ins. Co. v Kemper Fin. Servs., at 716).
The case at bar is strongly analogous to Liberty (supra). In essence, Avis has set up a two-tier structure with Continental providing Avis with $1,000,000 of coverage and Avis itself providing the lessor with $10,000 of coverage.
Further, 11 NYCRR 60-1.1 (c) (2) only requires that the "insured” include permissive users. "[It] cannot be construed as prohibiting an insured owner from contracting with a carrier so as to secure more insurance for himself than for his or her permissive drivers.” (Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co., supra, at 132-133.)
In Davis v De Frank, (33 AD2d 236, affd 27 NY2d 924) De Frank collided with another vehicle while test driving a car owned by Monroe Corp. Monroe’s insurance policy stated that no coverage would be afforded an unnamed driver if there was other insurance, either primary or excess. The Court upheld this "no liability clause” because it did not operate unless there were sufficient insurance to meet the minimum requirements set by the financial responsibility laws. Thus, the Court reasoned public policy did not prohibit enforcing the no liability clause. (Davis v De Frank, at 240.)
Davis (supra) supports Avis in the case at bar. Avis has met the minimum requirements set by the financial responsibility laws through its self-insurance. Consequently, public policy is not offended by excluding from the coverage of the Continental policy renters who fail to pay a fee for coverage.
In Hertz Corp. v Dahill Moving & Stor. Co. (79 AD2d 589, affd 54 NY2d 619), Dahill leased a car from Hertz and, under the terms of the lease, Hertz agreed to cover the lessee for bodily injury liability in the sum of $10,000. The Court held that this was primary coverage and any excess liability was purely derivative and "arose not from any negligence on its part, but from the statutory obligation imposed by the Vehicle and Traffic Law. Dahill, through its agent, the operator of the truck, was the primary and active tort feasor * * * As the *379 primary and active tort-feasor, it is liable in indemnity to Hertz.” (Hertz Corp. v Dahill Moving & Stor. Co., at 590.) Just as Dahill, the active tortfeasor, was liable to indemnify Hertz, Radin must, likewise, indemnify Avis for all liability in excess of the $10,000 self-insurance.
In Matter of Allstate Ins. Co. v Mark (156 Misc 2d 188 [Sup Ct, NY County]), Allstate provided an insurance policy to cover Benjamin’s vehicles, one of which was stolen, or their replacements. His daughter rented a car from Action Auto as a replacement. His granddaughter had an accident in this replacement vehicle. The rental agreement unambiguously provided that there was to be no insurance. The court held that Insurance Law § 3420 and public policy were not violated by foregoing this additional liability coverage and "there is no justification to force the creation of double coverage on the grounds of public policy.” (Allstate Ins. Co. v Mark, at 190.)
In the case at bar, Avis has provided the required insurance by way of self-insurance. Public policy does not require Avis to provide additional coverage.
Plaintiffs third claim is that Avis is responsible up to the full amount of its assets under Vehicle and Traffic Law § 370 as a self-insurer. Defendants assert that Avis effectively limited its liability by the contract which Radin’s wife signed by providing the minimum statutory amount of coverage of $10,000. (Vehicle and Traffic Law § 370; 11 NYCRR 60-1.1 [a].)[6] Avis is an authorized self-insurer under Vehicle and Traffic Law § 370.
In Guercio v Hertz Corp. (40 NY2d 680) the Court explained that self-insurance is not really insurance at all, but rather just an assurance that all judgments rendered against the "insurer” will be paid. Therefore, in the case at bar, Avis assures its own ability to pay damages for which it is legally *380 responsible. (Guercio v Hertz Corp., at 684.) Consequently, for Avis to be liable to Radin, he must have a claim for damages against Avis; but, he has none because Avis has agreed to pay the full $10,000 which is the limit of its liability under the financial responsibility law (Vehicle and Traffic Law § 370).
Finally, defendant requests sanctions pursuant to 22 NYCRR subpart 130-1 against plaintiffs attorney that despite full documentary disclosure of limited coverage, plaintiff seeks a benefit to which he is not entitled. This request is denied because this was far from a frivolous motion or action.
Plaintiffs motion for consolidation is granted and defendants’ motions for summary judgment are granted.

. Plaintiff’s argument that the cross-moving papers are fatally defective pursuant to CPLR 3212 (b) is not persuasive. This is a declaratory judgment action seeking to establish the extent of liability insurance Avis is legally required to provide. There are no facts in issue. Additionally, counsel have provided all necessary documentary evidence as supporting papers to their motions. Therefore, the affirmation of Philip Hoffer, Esq. will suffice. Moreover, Henry Cemitz, Esq. is an employee of Avis and as such has personal knowledge of the facts.

. "Every person, firm, association or corporation engaged in the business of carrying or transporting passengers for hire in any motor vehicle * * * except as otherwise provided in this section * * * shall file with the commissioner of motor vehicles for each motor vehicle * * * intended to be so operated evidence * * * of a corporate surety bond or a policy of insurance * * * conditioned for the payment of a minimum sum, hereinafter called minimum liability, on a judgment or judgments for damages, including damages for care and loss of services, because of bodily injury to * * * any one person in any one accident, and subject to such minimum liability a maximum sum, hereinafter called maximum liability on a judgment or judgments for damages, including damages for care and loss of services because of bodily injury to * * * two or more persons in any one accident * * * recovered against such person, firm, association or corporation upon claims arising out of the same transaction or transactions connected with the same subject of action, to be apportioned ratably among the *373 judgment creditors according to the amount of their respective judgments for damage or injury caused in the operation, maintenance, use ** * * of such motor vehicle * * * as follows:
"(a) For damages for and incident to death or injuries to persons: For each * * * motor vehicle having a seating capacity of not more than seven passengers, a bond or insurance policy with a minimum, liability of ten thousand dollars and a maximum liability of twenty thousand dollars for bodily injury * * *
"(b) For damages for and incident to injury to or destruction of property; for each motor vehicle * * * a bond or insurance policy with a maximum liability of five thousand dollars.
"Such bond or policy of insurance shall contain a provision for a continuing liability thereunder, notwithstanding any recovery thereon. Any such bond or policy of insurance shall also contain a provision that such bond or policy of insurance shall inure to the benefit of any person legally operating the motor vehicle * * * in the business of the owner and with his permission, in the same manner and under the same conditions and to the same extent as to the owner” (Vehicle and Traffic Law § 370 [1] [emphasis added]).
"A person, firm, association or corporation engaged in the business of renting or leasing rental vehicles to be operated upon the public highways for carrying passengers shall be subject to the provisions of this section in the same manner and to the same extent as if such person, firm, association or corporation were actually engaged in the business of carrying or transporting passengers for hire.
"[A] firm, association or corporation engaged in the business of renting or leasing motor vehicles, having registered in this state more than twenty-five motor vehicles subject to the provisions of this section and who qualifies as hereinafter provided, may file a certificate of self-insurance.” (Vehicle and Traffic Law § 370 [3].)

. "No policy or contract of personal injury liability insurance * * * covering liability arising from the ownership, maintenance or operation of any motor vehicle or of any vehicle as defined in section three hundred eighty-eight of the vehicle and traffic law * * * shall be issued or delivered in this state to the owner thereof, or shall be issued or delivered by any authorized insurer upon any such vehicle * * * principally used in this state, unless it contains a provision insuring the named insured against liability for death or injury sustained, or loss or damage occasioned within the coverage of the policy or contract, as a result of negligence in the operation or use of such vehicle * * * by any person operating or using the same with the permission, express or implied, of the named insured.” (Insurance Law § 3420 [e].)

. See, Epstein v Kernon, 68 Misc 2d 29.

. "Mandatory provisions. An 'owner’s policy of liability insurance’ shall contain in substance the following minimum provisions or provisions which are equally or more favorable to the insured and judgment creditors, so far as such provisions relate to judgment creditors:
"(a) * * *
"(b) * * *
"(c) A provision insuring as 'insured’:
"(1) the named insured and, if an individual, his spouse if a resident of the same household with respect to the motor vehicle or vehicles;
"(2) any other person using the motor vehicle with the permission of the named insured or such spouse provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission; and
"(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured within paragraph (1) or (2) of this subdivision.” (11 NYCRR 60-1.1.)

. "An 'owner’s policy of liability insurance’ shall contain in substance the following minimum provisions * * * (a) Insurance against loss from the liability imposed by law upon the insured for damages, including damages for care and loss of services, because of bodily injury * * * sustained by any person and because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance, use or operation of a specified motor vehicle * * * within the State of New York * * * subject to limits, exclusive of interest and costs, with respect to each such motor vehicle of $10,000 because of bodily injury * * * of any one person who does not die as a result of any one accident * * * and to a total limit of $5,000 because of injury to or destruction of property of one or more persons * * * as the result of any one accident.” (11 NYCRR 60-1.1 [a].)