OPINION OF THE COURT
Smith, J.
The issue in this proceeding to stay arbitration is whether a "livery exclusion” contained in the uninsured motorists coverage endorsement of a personal automobile liability policy is invalid so as to require arbitration of an uninsured motorist claim. We hold that such an exclusion is not based on statute or regulation and is inconsistent with the purpose of the mandatory uninsured motor vehicle statutes and the public policy of this State, and, therefore, is unenforceable.
Respondents were passengers in a car, which was owned and operated by John Karim, and which passed a stop sign at the intersection of 143rd Street and Linden Boulevard, in Queens County, and collided with a vehicle owned by Jeannette Williams and operated by Frank Venable. At the time, Karim was operating his vehicle as a livery. Karim’s vehicle *59 was insured by appellant Liberty Mutual Insurance Company (Liberty Mutual). Both the liability coverage provision and the uninsured motorists coverage endorsement in the policy issued by Liberty Mutual to Karim excluded from coverage vehicles used "to carry persons or property for a fee.”
Based on the exclusions in the policy, Liberty Mutual declined to defend or indemnify Karim in a personal injury action brought by respondents. Respondents then demanded arbitration from Liberty Mutual under the uninsured motorists coverage endorsement of the policy. Liberty Mutual commenced this proceeding to stay arbitration, asserting that the liability coverage provision and the uninsured motorists coverage endorsement in the policy it issued to Karim contained a valid livery exclusion, that at the time of the accident Karim was using his vehicle as a livery, and that the other vehicle involved in the accident was insured.
Supreme Court denied the application to stay arbitration and dismissed the petition (150 Mise 2d 456). The court concluded that since the other vehicle involved in the accident was not at fault, the fact that it was insured "is irrelevant,” that the exclusion for livery conveyances permitted under 11 NYCRR 60-1.2 (a) is inapplicable here since "that rule refers only to the 'policy of liability insurance’ * * *, and not to the uninsured motorist endorsement,” and that the livery exclusion under the uninsured motorists coverage endorsement is "contrary to Insurance Law § 3420 (f) (1) * * * [and] inconsistent with the strong public policy underlying statutes providing for uninsured motorist coverage” (id., at 458). The Appellate Division affirmed for the reasons stated by Supreme Court (see, 188 AD2d 378). This Court granted leave to appeal.
Insurance Law § 3420 mandates that every automobile insurance policy must contain an uninsured motor vehicle endorsement. Section 3420 (f) (1) provides:
"No policy insuring against loss resulting from liability * * * for bodily injury or death * * * arising out of the ownership, maintenance and use of a motor vehicle by the insured shall be issued * * * unless it contains a provision whereby the insurer agrees that it will pay to the insured * * * all sums * * * which the insured or his legal representative shall be entitled to recover as damages from an owner or operator of an uninsured motor vehicle * * * [or] an insured motor vehicle *60 where the insurer disclaims liability or denies coverage.”
Liberty Mutual argues that although section 3420 (f) (1) specifically sets forth the circumstances under which uninsured motorist insurance applies, that statute is silent as to whether there may be valid exclusions. Thus, Liberty Mutual asserts, its uninsured motorists coverage endorsement, which excludes from coverage vehicles being used "to carry persons or property for a fee,” is not contrary to that statute. For the following reasons, we reject Liberty Mutual’s arguments.
First, a provision in the uninsured motorists coverage endorsement of a liability insurance policy, such as the one in Liberty Mutual’s policy, that excludes from coverage vehicles used "to carry persons or property for a fee” is not based on any statute or regulation. As stated, Insurance Law § 3420 (f) (1) requires that every automobile insurance policy contain an uninsured motor vehicle endorsement. Neither that statute nor any regulations applicable to it mentions any exclusions. That is in contrast to the regulations for liability coverage (see, 11 NYCRR 60-1.2), no fault (see, 11 NYCRR 65.12) and supplemental uninsured/underinsured (see, 11 NYCRR 60-2.3), all of which specify what exclusions are allowed. The conclusion to be drawn is that when the Legislature and the State want to allow exclusions, they say so. In the absence of an express statutory or regulatory provision permitting such an exclusion, this Court declines to endorse that exclusion. The concurrence states that "the livery exclusion authorized by regulation (11 NYCRR 60-1.2 [a]) may be equally applicable to compulsory uninsured motorists coverage” (concurring opn, at 62). The more logical view is that since the Legislature enacted a compulsory uninsured motorist coverage statutory scheme, any exclusions to that scheme should also be expressly authorized by statute or regulation.
As the Court stated in Rosado v Eveready Ins. Co. (34 NY2d 43, 49), once an insurance company issues a liability policy to an insured, "its obligation, with the exception of permitted exclusions, [arises] by operation of law and [is] as broad as the requirements of the applicable statutes.” If an attempted exclusion is not permitted by law, the insurer’s liability under the policy cannot be limited (id.; accord, Planet Ins. Co. v Bright Bay Classic Vehicles, 75 NY2d 394, 399).
Second, enforcement of the livery exclusion in the uninsured motorists coverage endorsement of a liability insurance *61 policy would be inconsistent with the strong public policy underlying the compulsory uninsured motor vehicle statutes, "to ensure that innocent victims of motor vehicle accidents be recompensed for their injuries and losses” (Matter of Allstate Ins. Co. v Shaw, 52 NY2d 818, 819). The purpose of the compulsory uninsured motor vehicle statutory scheme is to provide coverage "to insured persons who suffer automobile accident injuries at the hands of financially irresponsible motorists” (Matter of Country-Wide Ins. Co. v Wagoner, 45 NY2d 581, 586). The aim, to make the prescribed compensation available in all such cases, calls for a policy of inclusion rather than exclusion in determining whom it covers (id.). Enforcement of a "livery exclusion” in an uninsured motor vehicle endorsement would be contrary to the purpose underlying this State’s compulsory uninsured motor vehicle statutes and would reduce the scope of coverage required by the statutory mandate.
Liberty Mutual urges that Insurance Law § 3110 authorizes the Superintendent of Insurance to withdraw approval of the policy if the uninsured motorists coverage endorsement is determined to contravene public policy or statutory intent, and that we should construe the inaction by the Superintendent as approval of the livery exclusion. Although the construction given to a statute by an agency charged with its administration, supervision and enforcement is entitled to considerable weight (People v Newman, 32 NY2d 379, 388, cert denied 414 US 1163), inaction by the Superintendent of Insurance here does not divest the courts of their duty "to interpret statutes so as to reach a reasonable result whenever possible” (Matter of Vega v Bell, 47 NY2d 543, 552).
While the concurrence asserts that we are invalidating the livery exclusion in an uninsured motorists coverage endorsement on "illusory” public policy grounds (concurring opn, at 64), and would decide this case on appellant’s unpreserved argument that respondents may seek recovery from the Motor Vehicle Accident Indemnification Corporation (MVAIC), the issue before this Court, and the only issue raised in the prior courts, is whether a livery exclusion contained in an uninsured motorists coverage endorsement of a personal automobile liability policy is invalid. As stated, the challenged livery exclusion is not authorized by any statute or regulation. The exclusion is inconsistent with the sound public policy of this State of ensuring that innocent victims of motor vehicle accidents are compensated for their injuries and losses. More *62 over, it is questionable whether a claim to the MVAIC is an adequate remedy here, particularly in view of the requirements such as notice (see, Insurance Law § 5208). As the Rosado Court noted, the presence of MVAIC should not matter. To allow the insurer here to escape liability is to allow the insurer to be "unjustly enriched to the detriment of the public, which eventually bears the burden through MVAIC” (id., at 49).
Accordingly, the order of the Appellate Division should be affirmed, with costs.