[649 NYS2d 146]

ROBERT SWEE, Plaintiff, v VALS TRANS, INC., et al., Defendants, and RICHARD DANNE et al., Defendants and Third-Party Plaintiffs-Respondents. AMERICAN TRANSIT INSURANCE COMPANY, Third-Party Defendant-Appellant.

First Department, November 12, 1996

## APPEARANCES OF COUNSEL

*Marjorie E. Bornes,* New York City, for third-party defendant-appellant.

*Michael Majewski* of counsel, Mineola *(Nicole Norris* on the brief; *Hayes & Ryan,* attorneys), for third-party plaintiffs-respondents.

## OPINION OF THE COURT

SULLIVAN, J. P.

Richard Danne and Phil Goldberg, defendants and third-party plaintiffs herein, were passengers in a taxicab owned by defendant Vals Trans, Inc. and operated by Julio Torres and insured by American Transit Insurance Company, the third-party defendant. In the main action, plaintiff Robert Swee, suing to recover damages for personal injury, alleges that he was struck when, while riding a bicycle, Danne and Goldberg opened the taxicab door into his path as they were alighting from the rear passenger compartment. At issue on this appeal is whether Danne and Goldberg, as passengers, are covered by the American Transit policy issued to Vals Trans and therefore entitled thereunder to a defense of Swee's action and indemnification for any damages assessed against them therein.

In determining that the two passengers in question are insureds under the policy, the IAS Court relied, as do the passengers, on appeal, upon a definition contained in the "INSURING AGREEMENTS" section of the policy's attached "NEW YORK AUTOMOBILE ACCIDENT INDEMNIFICATION ENDORSEMENT," the uninsured motorist endorsement where an insured is defined to include "any other person while occupying (i) an automobile owned by the named insured". The word "insured" is not defined anywhere else in the policy. The passengers argue that if a term is defined in one portion of the policy its definition should apply throughout. That would not be the case, of course, as even the passengers concede, if a specific limitation on the definition's application were stated. That the endorsement's definition of an insured does not make a passenger an insured under the liability provisions of the policy is made eminently clear by the endorsement's "CONDITIONS," which, *inter alia,* provide: "None of the Insuring Agreements, Exclusions or Conditions of the policy shall apply to the insurance afforded by this endorsement except the Conditions 'Notice' or 'Notice of Accident' and 'Declarations'." Clearly, the uninsured motorist endorsement did not extend liability coverage to passengers

as insureds, notwithstanding their status as insureds under the endorsement. Thus, the endorsement's definition of an insured is applicable only with respect to the specific benefits provided by the endorsement, which, except for the conditions of "Notice", "Notice of Accident" and "Declarations" contained elsewhere in the policy, is a self-contained coverage provision affording uninsured motorist coverage, "subject to all terms of [the] endorsement."

Nor is liability coverage under American Transit's policy, a business automobile policy, extended to a passenger as a user, as it would be under the omnibus coverage clause found in a family automobile policy. While a passenger might be, as here, a user of the vehicle, he or she cannot be an "operator" of the vehicle "in the business of the insured" to qualify as one to whom, under the express provisions of the policy, its liability coverage extends. American Transit's policy specifically provides, as required by Vehicle and Traffic Law § 370, that it "shall inure to the benefit of any person legally operating any motor vehicle described herein in the business of the Insured and with his permission, in the same manner and under the same conditions and to the same extent as to the Insured." The policy says nothing about it inuring to the benefit of users. In fact, the policy expressly provides that it "CONFORMS TO THE POLICY FORM APPROVED BY THE SUPERINTENDENT OF INSURANCE FOR USE IN COMPLIANCE WITH SECTION 370 OF THE VEHICLE AND TRAFFIC LAW OF THE STATE OF NEW YORK".

Section 370 (1) (b) of the Vehicle and Traffic Law mandates coverage for the "person legally operating the motor vehicle * * * in the business of the owner and with his permission, in the same manner and under the same conditions and to the same extent as to the owner." Section 113 of the Vehicle and Traffic Law defines an "operator" as the "driver" of the vehicle. Since a passenger is not the driver of the vehicle, he is not an "operator" and thus entitled to coverage under Vehicle and Traffic Law § 370. Nor does a passenger operate a vehicle "in the business of the owner and with his permission, in the same manner and under the same conditions and to the same extent as to the owner." (Ibid.) In that regard, an owner of a taxicab and passenger are on opposite sides of the relationship—the owner provides taxicab service, the passenger uses that service.

Since a business automobile policy, pursuant to Vehicle and Traffic Law § 370, extends coverage to the insured (owner) and persons operating the vehicle in the owner's business and with

its permission, unlike the family automobile policy which extends coverage to both the operator and user of the vehicle, and a passenger is not an "operator" under Vehicle and Traffic Law § 113, a passenger of a taxicab is not entitled to indemnity or a defense for his "use" of a vehicle under a business automobile policy. (*See, Epstein v Kernon*, 68 Misc 2d 29.)

While the policy at issue, to be sure, does provide coverage for damages "resulting from the * * * use * * * of the motor vehicles described in the Declaration," this language is in conformity with Vehicle and Traffic Law § 388 requirements and provides liability coverage for the owner and its drivers as a result of a passenger's negligent opening of the taxicab door, that is, the passenger's use of the vehicle. That, however, is not the issue here. Since the passengers claiming here are not, as indicated, additional insureds under the policy, the policy's liability coverage does not extend to them. American Transit owes the passengers neither a defense nor indemnification of any liability damage award imposed against them in the instant matter.

Accordingly, the order of the Supreme Court, New York County (Barbara Kapnick, J.), entered on or about October 18, 1995, which granted defendants and third-party plaintiffs' motion for summary judgment declaring that third-party defendant must defend and indemnify them in the main action and denied third-party defendant's cross motion for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs or disbursements, the motion denied, the cross motion granted and a declaration made in third-party defendant's favor. The Clerk is directed to enter judgment in favor of third-party defendant-appellant dismissing the third-party complaint.

ELLERIN, RUBIN and MAZZARELLI, JJ., concur.

Order, Supreme Court, New York County, entered on or about October 18, 1995, reversed, on the law, without costs or disbursements, defendants and third-party plaintiffs' motion for summary judgment declaring that third-party defendant must defend and indemnify them in the main action is denied, and third-party defendant's cross motion for summary judgment dismissing the third-party complaint granted, and a declaration made in its favor.