■ SHARON COHN, Appellant-Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY et al., Respondents-Appellants, and AMERICAN TRANSIT INSURANCE COMPANY et al., Respondents. [730 NYS2d 152] —In an action for a judgment declaring that the defendants American Transit Insurance Company and Nationwide Mutual Insurance Company are required to indemnify the plaintiff for injuries sustained as a result of an accident which occurred on October 7, 1996, the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated May 15, 2000, which granted the motion of the defendant American Transit Insurance Company for summary judgment declaring that it is not required to defend the defendants Reid Hoeg and Joyce Rawlins with respect to the accident, and denied her cross motion for summary judgment declaring that American Transit Insurance Company is required to provide liability insurance protection to its insured pursuant to Vehicle and Traffic Law § 388 for any injuries caused to the plaintiff as a result of the use of the taxicab it insured by passengers, and the defendants Reid Hoeg and Joyce Rawlins, and the defendant Nationwide Mutual Insurance Company, separately cross-appeal, as limited by their respective briefs, from so much of the same order as granted

the motion of the defendant American Transit Insurance Company for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion to the extent that American Transit Insurance Company is required to provide liability insurance protection to its insured pursuant to Vehicle and Traffic Law § 388 for any injuries sustained by the plaintiff as a result of the negligent use of the insured taxicab by the defendants Reid Hoeg and Joyce Rawlins; as so modified, the order is affirmed, with one bill of costs payable by the defendant American Transit Insurance Company to the appellant-respondent and the respondents-appellants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant American Transit Insurance Company must provide liability insurance protection to its insured pursuant to Vehicle and Traffic Law § 388 for any injuries sustained by the plaintiff as a result of the negligent use of the insured taxicab by the defendants Reid Hoeg and Joyce Rawlins on October 7, 1996.

On October 7, 1996, the defendants Reid Hoeg and Joyce Rawlins were passengers in a taxicab owned by the defendant Sigalit Taxi Cab Corp. (hereinafter Sigalit) and insured by the defendant American Transit Insurance Company (hereinafter ATIC). The plaintiff was allegedly injured while riding a bicycle when Hoeg and Rawlins opened the taxicab door into her path and struck her.

The Supreme Court properly granted ATIC's motion for summary judgment declaring that it was not required to defend the passengers in connection with any action by the plaintiff to recover damages for personal injuries (*see, Swee v Vals Trans,* 225 AD2d 113).

However, the plaintiff's cross motion for summary judgment declaring that ATIC is required to provide liability insurance protection to its insured pursuant to Vehicle and Traffic Law § 388 for any injuries caused to her by the use of the taxicab it insured as a result of the use of said vehicle by the passengers, should have been granted to the extent that ATIC is required to provide liability insurance protection to its insured pursuant to Vehicle and Traffic Law § 388 for any injuries sustained by the plaintiff as a result of the passengers' negligent use of the insured taxicab. The passengers' act of opening the taxicab door in order to exit the vehicle constitutes "use and operation" of a vehicle pursuant to Vehicle and Traffic Law § 388, and ac-

cordingly, Sigalit, as owner of the taxicab, would be liable for the plaintiff's injuries, provided that the passengers' "use and operation" of the taxicab was negligent (*see generally, Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554; *see also,* Vehicle and Traffic Law § 388 [1]). Pursuant to the policy issued to Sigalit by ATIC, ATIC is required to provide coverage to Sigalit under such circumstances.

We note that since this is a declaratory judgment action, the matter must be remitted to the Supreme Court for the entry of a judgment declaring that ATIC is required to provide liability insurance protection to its insured pursuant to Vehicle and Traffic Law § 388 for any injuries sustained by the plaintiff as a result of the negligent use of the insured taxicab by Hoeg and Rawlins (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Krausman, J. P., McGinity, Schmidt and Adams, JJ., concur.