Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (John W. Grow, J.), entered March 28, 2007 in a declaratory judgment action. The judgment, inter alia, granted the cross motion of defendant New York Central Mutual Fire Insurance Company for summary judgment declaring that it has no duty to defend or indemnify plaintiffs.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the declaration is vacated, the motion is granted *1142 in part, judgment is granted in favor of plaintiffs as follows: “It is ADJUDGED AND DECLARED that defendant New York Central Mutual Fire Insurance Company has a duty to defend plaintiffs in the underlying action,” and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that defendant New York Central Mutual Fire Insurance Company (NYCM) has a duty to defend them in the underlying action commenced by defendant Anthony Prave, III. In the underlying action, Prave alleged, inter alia, that he sustained injuries when James Henderson, a plaintiff herein, negligently struck him while opening the driver’s door of a vehicle covered under a liability policy issued by NYCM to Michelle Williams Henderson, also a plaintiff herein. Pursuant to the terms of that policy, NYCM is obligated to provide a defense for any claim for damages “for which any ‘insured’ becomes legally responsible because of an automobile accident.” We agree with plaintiffs that Supreme Court erred in granting the cross motion of NYCM for summary judgment seeking a declaration that it has no duty to defend or indemnify plaintiffs in the underlying action and in denying that part of the motion of plaintiffs for partial summary judgment seeking a declaration that NYCM has a duty to defend them in the underlying action.
“It is well settled that an insurance company’s duty to defend is broader than its duty to indemnify. Indeed, the duty to defend is exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest... a reasonable possibility of coverage ... If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be” (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006] [internal quotation marks omitted]; see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310 [1984]). Here, the complaint in the underlying action alleges negligent conduct covered by the policy issued by NYCM, and thus we agree with plaintiffs that NYCM has a duty to defend them in that action. We reject NYCM’s contention that the allegations in the underlying complaint do not fall within the meaning of the term “automobile accident” in the policy. Indeed, the policy does not define that term, and all insurance policies covering vehicles in New York must, at a minimum, cover “injuries to person or property resulting from negligence in the use or operation of such vehicle” (Vehicle and Traffic Law § 388 [1]; see § 388 [4]; see also 11 NYCRR 60-1.1 [a]). We note in any event that the “act of opening the [vehicle] *1143 door in order to exit the vehicle constitutes ‘use and operation’ of a vehicle pursuant to Vehicle and Traffic Law § 388” (Cohn v Nationwide Mut. Ins. Co., 286 AD2d 699, 700 [2001]; see generally Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 558-561 [1999]), and thus that act “ ‘suggests ... a reasonable possibility of coverage’ ” that invokes NYCM’s duty to defend plaintiffs in the underlying action (Automobile Ins. Co. of Hartford, 7 NY3d at 137).
The court further erred in declaring that NYCM has no duty to indemnify plaintiffs. As noted, the complaint in the underlying action alleges negligent conduct on the part of James Henderson and, if he accidentally or negligently caused Prave’s injuries while opening the driver’s door, that event may be considered an “automobile accident” within the meaning of the policy (see generally Argentina, 93 NY2d at 558-560; Cohn, 286 AD2d at 700-701). The remaining evidence submitted by NYCM in support of its cross motion is insufficient to meet its burden of establishing that it has no duty to indemnify plaintiffs (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), and we thus conclude that the court erred in determining as a matter of law that NYCM had no such duty. Rather, “that determination will abide the trial” in the underlying action (Automobile Ins. Co. of Hartford, 7 NY3d at 138).
Finally, because the court did not reach that part of plaintiffs’ motion seeking a declaration that NYCM is liable for plaintiffs’ defense costs, including attorney’s fees, incurred in the underlying action, we remit the matter to Supreme Court to determine that part of the motion. Present—Hurlbutt, J.P, Smith, Centra, Green and Pine, JJ.