KRISTOPHER KOHL, Appellant, v AMERICAN TRANSIT INSURANCE COMPANY, Respondent. [874 NYS2d 213]—

In an action for a judgment declaring that the defendant is required to defend and indemnify the plaintiff in a personal injury action entitled *Marmolejo v Devox, Inc.*, pending in the Supreme Court, New York County, under index No. 100033/08, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated July 30, 2008, as granted the defendant's cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from,

with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant, American Transit Insurance Company, is not obligated to defend and indemnify the plaintiff in the personal injury action entitled *Marmolejo v Devox, Inc.*, pending in the Supreme Court, New York County, under index No. 100033/08.

On November 13, 2007 the plaintiff was a passenger in a taxicab insured by the defendant. David Marmolejo allegedly was injured while riding a bicycle when the plaintiff, upon exiting the taxicab, opened a rear door into Marmolejo's path, causing a collision with the open door. In January 2008 Marmolejo commenced a personal injury action in the Supreme Court, New York County, against the plaintiff and the taxicab's owner and driver. In March 2008 the plaintiff commenced this action for a judgment declaring that the defendant was required to defend and indemnify him in the personal injury action. The Supreme Court granted the defendant's cross motion for summary judgment.

The Supreme Court properly granted the defendant's cross motion for summary judgment since the plaintiff is not entitled to a defense or to indemnity for his "use" of a vehicle under the defendant's commercial automobile policy insuring the owner and the driver of the taxi-cab (*see* Vehicle and Traffic Law § 370 [1]; *Cohn v Nationwide Mut. Ins. Co.*, 286 AD2d 699, 700 [2001]; *Swee v Vals Trans*, 225 AD2d 113, 115-116 [1996]).

The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.

We note that since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the personal injury action entitled *Marmolejo v Devox, Inc.*, pending in the Supreme Court, New York County, under index No. 100033/08. Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.