■ In the Matter of CONTINENTAL INSURANCE COMPANY, Respondent, v JOSEPH SARNO, Appellant.—In a proceeding pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered January 17, 1986, which granted the petitioner's application, vacated the arbitration proceeding attempted to be had between the parties, and declared that the petitioner did not insure the appellant.

Ordered that the judgment is affirmed, with costs.

We agree with the court's finding that the supplementary uninsured motorist policy issued by the petitioner does not provide coverage to the appellant under the circumstances of this accident. The policy, issued to the appellants parents for their two automobiles, excludes coverage to "any person struck by or occupying any motor vehicle owned by you or a relative other than an insured auto". The appellant was injured while driving a car that he owns and separately insures and which is therefore not an "insured auto" under his parents' policy. Furthermore, the appellant failed to submit any evidence of physical contact between his vehicle and the unidentified car, a condition for coverage under his parents' policy and for uninsured motorist coverage under Insurance Law § 3420 (f)

(3) *(see, Matter of Smith [Great Am. Ins. Co.], 29 NY2d 116; Motor Vehicle Acc. Indemnification Corp. v Eisenberg, 18 NY2d 1).* Despite notification by the petitioner that its policy would not provide coverage in the absence of physical contact, the appellant continued to rely solely on a police accident report which contained his statement that another car cut him off.

The petitioner's application for a stay of arbitration was admittedly untimely under CPLR 7503 (c). Nevertheless, the stay was properly granted and the arbitration proceeding was properly vacated, since the petitioner cannot be compelled to arbitrate a claim which the parties never agreed to arbitrate and for which no coverage was provided *(see, e.g., Matter of Matarasso [Continental Cas. Co.], 82 AD2d 861, affd 56 NY2d 264).* Additionally, since the demand for arbitration was sent to an incorrect address and to an address distant from the office to which the appellant had previously submitted his claim, we do not fault the court's rejection of the contention that the petition for a stay was time barred *(see, Rider Ins. Co. v Marino, 84 AD2d 832).* Bracken, J. P., Weinstein, Rubin and Harwood, JJ., concur.