*397 OPINION OF THE COURT
Hancock, Jr., J.
We must decide whether a liability insurer under a fleet insurance policy covering rental automobiles leased for less than 12 months can properly disclaim coverage for an accident involving one of the rental cars which was leased for 24 months. This is the determinative question in the two declaratory judgment actions before us — one brought by the injured plaintiff and one by the insurance company. The Appellate Division, reversing Supreme Court, held that the insurance company was under no obligation to defend or indemnify because the 24-month rental term had placed the automobile outside the policy definition of covered rental cars. It reasoned, relying on Zappone v Home Ins. Co. (55 NY2d 131), that coverage had never existed and that, indeed, a disclaimer was unnecessary (see, 147 AD2d 368, 370). For reasons hereinafter stated, we disagree.
I
The automobile involved in the accident was a rental car owned by defendant Bright Bay Classic Vehicles, Inc., doing business as Budget Rent-A-Car (Bright Bay)* and leased to defendant Catalano. On May 14, 1985 the automobile was being driven by defendant DeVito with Catalano’s permission when it struck and injured plaintiff Montez-Deoca.
*398 Plaintiff Planet Insurance Company (Planet) was the insurer of Bright Bay’s short-term car rental business in a policy which afforded fleet insurance coverage for Bright Bay’s rental cars. The Auto Rental Endorsement under which such coverage was provided defined covered rental cars as follows: "Autos held by the Insured for rental on a short term basis (less than twelve months) or used in connection with the Insured’s business of short term rental of autos, or used for other than rental purposes by the Insured or any employee of the Insured with the Insured’s permission.” (Emphasis added.)
The lease of the automobile from Bright Bay to Catalano, made in December 1984, was for a period of 24 months. As part of the stipulated monthly rental charge Catalano paid an amount to cover liability insurance premiums. At all times during the rental period, the car was duly registered with the State of New York and Catalano was in possession of a copy of the required certificate which had been filed by Planet with the Motor Vehicles Department indicating that the car was insured.
After being advised of Montez-Deoca’s personal injury and property damages claims, Planet paid Montez-Deoca for his property damage on January 7, 1986 and later assumed the defense of the personal injury actions which Montez-Deoca had commenced against DeVito, Bright Bay and Catalano. On May 28, 1987, Planet advised Bright Bay by letter that it was formally denying coverage for the accident because the involved vehicle did "not fit the description of 'short-term rental vehicle,’ [and was not] considered a covered auto as defined in [the] policy.” Planet first learned that the car had been rented for a 24-month period in June 1986 when, after several requests to Bright Bay, it received a copy of the rental agreement with Catalano.
In the declaratory judgment actions which followed, Supreme Court — citing the public policy considerations in Rosado v Eveready Ins. Co. (34 NY2d 43, 47-49) and Motor Vehicle Acc. & Indemnification Corp. v Continental Natl. Am. Group Co. (35 NY2d 260, 265) — held that the fact that the automobile was leased for 24 months and not for "less than twelve months”, as provided in the auto rental car coverage definition, was not a valid basis for the disclaimer. Accordingly it granted summary judgment to DeVito and Catalano against Planet declaring that Planet’s disclaimer was invalid and that it was obligated to defend and indemnify Bright Bay and Catalano. As noted, the Appellate Division, in reversing *399 and declaring that Planet had no obligation under the policy, held that no contract of insurance covering the automobile under the 24-month lease had ever existed. The Appellate Division granted leave to this court and certified the question of whether its order was properly made. We now reverse and answer the question in the negative.
II
Our analysis must commence with an examination of Rosado v Eveready Ins. Co. (34 NY2d 43, supra) and the contention made by DeVito and Catalano that our holding in that case dictates the outcome here. In Rosado, an insurance policy issued to a car rental company contained an endorsement excluding coverage for "Drive-Yourself private passenger vehicles (except leased on annual basis)”. (Emphasis added.) When one of the rental cars which had been leased for a shorter term (i.e., less than one year) was involved in an accident, the insurance company disclaimed on the ground that the shorter term brought it within the policy exclusion. We held the disclaimer invalid as contrary to the public policy underlying our State’s legislation requiring compulsory automobile insurance (see, Insurance Law former § 167, now § 3420): i.e., "to assure the protection of members of the public, who are innocent victims of motor vehicle accidents, by providing compensation for and protection from tortious wrongs committed against them.” (Id., at 47.) We noted, moreover, that the exclusion being claimed — based on the length of the rental term — was not one of the exclusions expressly permitted by the controlling regulation of the Superintendent of Insurance (see, 11 NYCRR 60.2; Rosado v Eveready Ins. Co., supra, at 46-48).
Catalano and DeVito argue that the identical policy considerations which compelled our decision in Rosado apply here. They point out that like the lessee-driver in that case, they had no "reason to believe that by leasing and operating the car [they were] exposing [themselves] to the risk of operating an uninsured vehicle.” (Rosado v Eveready Ins. Co., supra, at 49.) Like the insurer in Rosado, they emphasize, Planet was paid for coverage of the rented vehicle and "its attempt to limit or withdraw such coverage, based not upon any improper or special use of the vehicle, but solely upon the time limit of the rental agreement, is contrary to and in conflict with the public policy of this State.” (Id., at 49.)
*400 Planet, however, would have us distinguish Rosado because what is involved here is not a claimed exclusion from coverage as in Rosado but a claim of noncoverage by reason of lack of inclusion. Planet correctly points out that the rental period limitation on which it relies is not contained in one of the policy exclusions. Rather, the limitation appears in the definition of rental autos set forth in the "Auto Rental Endorsement” which brings rental autos within the coverage of the policy. Thus, Planet argues that its refusal of coverage was based upon the lack of an insurer-insured relationship with respect to the car leased to Catalano. It maintains that there is nothing wrong in affording coverage which, at its very inception, is limited specifically to automobiles rented for less than one year, as its coverage was, and that a denial of coverage on the basis of such a limitation — as opposed to a denial based on an exclusion from coverage — is not contrary to public policy.
Planet notes that we have recognized the significant distinction between a denial of coverage for failure of inclusion and one based on a policy exclusion. It cites Zappone v Home Ins. Co. (55 NY2d 131, supra) where we held that the statutory requirements for notice of disclaimer were intended to apply only in situations where "a policy of insurance that would otherwise cover the particular accident is claimed not to cover it because of an exclusion in the policy.” (Emphasis added; id., at 138; see, Matter of Prudential Prop. & Cas. Ins. Co. v Hobson, 67 NY2d 19.) That is not the situation here, Planet maintains. It argues that to follow Rosado in this case would blur the distinction between an exclusion of coverage and a failure to extend coverage and would result in a rewriting of its insurance contract to provide coverage where none ever existed. We disagree.
We concur with Catalano and DeVito that although Planet’s claim of lack of coverage is based not on language in the exclusions section of the policy but on limiting language in the definition of coverage, the limiting language amounts to an exclusion and, thus, the rule in Rosado governs. The effect of the language in the Rosado policy and in the policy here is identical. In neither case does the clause operate to rewrite the policy to provide coverage when "the policy as written could not have covered the liability in question under any circumstances.” (Zappone v Home Ins. Co., 55 NY2d 131, 134, supra.)
*401 As in Rosado, the car in question when rented to Catalano by Bright Bay in December 1984 was then covered as part of Bright Bay’s fleet of rental cars under the Planet policy which had been issued on November 1, 1984. It is not disputed that the car was registered, that Catalano as its lessee had a certificate signifying that it was insured, or that Planet had received a premium based on the car’s being part of Bright Bay’s fleet of rental autos. It is in this respect that cases such as Zappone v Home Ins. Co. (supra) and Matter of Prudential Prop. & Cas. Ins. Co. v Hobson (supra) differ significantly. Here, like the insurer in Rosado, Planet claims that a car which was originally covered under a fleet policy became "uncovered” upon the happening of a subsequent event: i.e., the rental of Bright Bay’s car for a lease period other than that prescribed in the policy. Thus, it cannot be said that there was never a policy in effect covering the involved automobile as in Zappone v Home Ins. Co. (55 NY2d 131, supra [policies in question could not by any construction have ever extended coverage to the driver who was not the named insured in either policy and was not driving one of the covered automobiles]) or covering the particular type of accident giving rise to the claim as in Matter of Prudential Prop. & Cas. Ins. Co. v Hobson (67 NY2d 19 [uninsured motorist endorsement could not have covered the no-contact injury alleged since, by definition, uninsured motorist coverage exists only when there is physical contact]).
The compelling policy considerations underlying the result in Rosado apply equally here. Like the owner-driver in Rosado, DeVito and Catalano had no reason to suspect that they were putting either the public or themselves at risk by causing an uninsured automobile to be operated on the highway. The probability that DeVito and Catalano would believe that the automobile was covered and that such a risk to the public would result is not lessened by reason of the fact that the rental period limitation is contained in a provision describing what rental autos are covered rather than in one describing what rental autos are not covered, as in Rosado. The effect of such a limitation and of invoking it after an accident to deny coverage is the same. In either case, the denial directly contravenes "the public policy that victims of automobile accidents should have recourse to a financially responsible defendant.” (Motor Vehicle Acc. & Indemnification Corp. v Continental Natl. Am. Group Co., 35 NY2d 260, 265, supra; see, Tom Sawyer Country Day School v Providence Washington *402 Ins. Co., 108 AD2d 810, 811-812, lv denied 65 NY2d 608 [insurer of automobile rental company cannot avail itself of a lessee’s violation of a rental agreement for the purpose of escaping liability to indemnify innocent third parties for injuries].)
Moreover, denying Planet the right to disclaim, as in Rosado, does not produce the unfair result that our holding in Zappone obviated: i.e., imposing on the insurer "an added source of indemnification which had never been contracted for and for which no premium had ever been paid.” (Zappone v Home Ins. Co., supra, at 137.)
Planet concedes that, assuming its policy does cover the accident, Supreme Court properly granted Catalano summary judgment on its third counterclaim for attorneys’ fees and costs incurred in defending this action. We have reviewed Catalano’s and Planet’s remaining claims and find them unpreserved. Accordingly, the order of the Appellate Division should be reversed, the certified question answered in the negative and the case remitted to Supreme Court for an assessment of attorneys’ fees and costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Bellacosa concur; Judge Titone taking no part.
Order reversed, with costs, certified question answered in the negative, and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.

 Although the caption includes BRAG Vehicle Leasing, Inc. as a defendant and Planet’s complaint alleges that its policy was issued on or about November 1, 1984 to Bright Bay and to BRAG Vehicle Leasing, Inc., it appears from the record that the policy was issued in the name of Bright Bay only, and that the lessor of the automobile was Bright Bay. In this opinion, Bright Bay is treated as the owner and lessor of the automobile and the only insured. Only Planet, Montez-Deoca and Catalano have appeared in the declaratory judgment actions.