■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v GARY PANETTA, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the appeal is from an order of the Supreme Court, Kings County (Baisley, J.), entered July 16, 1990, which denied the appellant's application to permanently stay arbitration. The appeal brings up for review so much of an order of the same court, dated October 22, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered July 16, 1990, is dismissed, as that order was superseded by the order dated October 22, 1990, made upon reargument; and it is further,

Ordered that the order dated October 22, 1990, is reversed insofar as reviewed, on the law, the order entered July 16, 1990, is vacated, and the petition for a permanent stay of arbitration is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

Liberty Mutual Insurance Company contends that arbitration should be permanently stayed on the ground that the underinsured motorist policy issued by it did not provide coverage to the respondent Gary Panetta under the circumstances of this accident. We agree. The policy issued to Panetta's mother for two automobiles does not allow underinsured motorist coverage to any person "[w]hile occupying, or when struck by, any motor vehicle owned by you or any family member which is not insured for this coverage under this policy". Panetta was injured while riding on his motorcycle, and, therefore, his injury is excluded from the policy's underinsured motorist coverage, and he is not entitled to arbitration *(see, Matter of Continental Ins. Co. v Sarno,* 128 AD2d 870).

We additionally note that the court's denial of the stay of arbitration, to the extent that that denial was based upon untimeliness, was improper. A stay application may be entertained after the statutory time period in CPLR 7503 (c) on the basis that no coverage was provided *(see, Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264; *United States Fid. & Guar. v Housey,* 162 AD2d 523; *Matter of Continental Ins. Co. v Sarno, supra).* Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.