■ In the Matter of the Arbitration between UNITED STATES FIRE INSURANCE COMPANY, Appellant, and LEV LIHTERMAN, Respondent. [607 NYS2d 259] —Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered May 14, 1993, which denied petitioner's CPLR 7503 (b) motion for a stay of arbitration and dismissed the petition, unanimously affirmed, with costs.

After respondent served a fatally defective demand for arbitration on the petitioner insurer at its North Carolina office, with a copy to the insurer's New York counsel, a second demand was served on the North Carolina office only. Thereafter, the insurer commenced the instant special proceeding to stay arbitration more than 20 days after service of the second notice *(see,* CPLR 7503 [c]). There is no evidence that the insured acted in other than good faith, and, in the circum-

stances here present, it cannot be said that the mere failure to send a duplicate copy of the notice to New York counsel amounted to a choice of a method of service that was misleading and disguised the contents or sought to prevent actual knowledge of the contents until the expiration of the time limitation *(see, Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291, 296). Since a valid agreement to arbitrate exists, and petitioner does not claim any infirmity other than the aforestated failure to forward a duplicate copy, compliance with the statutory 20-day time limit is required *(see, Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264, 267). We are not unmindful that the Appellate Division, Second Department, has reached a contrary result in similar cases *(see, e.g., Matter of Liberty Mut. Ins. Co. v Panetta,* 187 AD2d 719; *Matter of Continental Ins. Co. v Sarno,* 128 AD2d 870). However, we decline to follow those cases.

We have considered the petitioner's remaining arguments, and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Asch, Nardelli and Williams, JJ.