■ In the Matter of UNIGARD INSURANCE GROUP, Respondent, v DAWN M. BOTHWELL, Appellant. [655 NYS2d 77] —In a proceeding to permanently stay arbitration of an underinsured motorist claim, Dawn Bothwell appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 29, 1996, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the parties are directed to proceed to arbitration.

In 1993 Dawn M. Bothwell was injured while driving her automobile, a 1993 Saturn. She collected money from both the other driver involved in the accident and her own insurance company. She thereafter sought underinsured motorist benefits from the petitioner Unigard Insurance Group (hereinafter Unigard) pursuant to an insurance policy issued by Unigard to her parents. At the time of the accident, Bothwell was living with her parents and was a "covered person" under the subject policy's underinsured motorist endorsement. More than two years after her demand Unigard denied the claim pursuant to an exclusion in the underinsured motorist endorsement for vehicles owned by family members which were not specifically covered by the Unigard policy. Bothwell thereafter demanded arbitration of her claim. In the proceeding at bar, Unigard moved for a permanent stay of arbitration, *inter alia*, on the ground that the exclusion to the underinsured motorist endorsement precluded coverage. The Supreme Court granted the stay. We now reverse.

Failure to make a timely denial of claim based on a policy "exclusion" precludes an insurance company from raising such an exclusion as a defense against the claim (*see, Planet Ins. Co. v Bright Bay Classic Vehicles*, 75 NY2d 394; *Zappone v Home Ins. Co.*, 55 NY2d 131; *Presbyterian Hosp. v Atlanta Cas. Co.*,

210 AD2d 210; *Allstate Ins. Co. v Centennial Ins. Co.*, 187 AD2d 690; *Nahmias v Merchants Mut. Ins. Co.*, 91 AD2d 680; Insurance Law § 3420 [d]). Here, Unigard's unexplained delay of over two years made the denial of Bothwell's claim untimely as a matter of law (*see, Zappone v Home Ins. Co., supra; Ward v Corbally, Gartland & Rappleyea*, 207 AD2d 342). Thus, Unigard was precluded from raising the exclusion as a defense to the claim and arbitration should not have been stayed on that ground.

Unigard's assertion that the claimant violated certain alleged conditions of the subject policy was not set forth in its denial of claim. Thus, the alleged violations may not be asserted as grounds for denying the claim (*see, Fabian v MVAIC*, 111 AD2d 366). However, the claimant must still proffer evidence of her injuries (*see*, 11 NYCRR 65.15 [g] [6]).

Unigard's remaining contention is without merit. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.