■ In the Matter of AETNA LIFE & CASUALTY, Respondent, v BLAKE BOUCHER, Appellant. [656 NYS2d 316] —In a proceeding pursuant to CPLR article 75 to permanently stay the arbitration of an underinsured motorist claim, the appeal is from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered February 26, 1996, which, upon granting the petition, permanently stayed the arbitration between the parties.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner insurance carrier Aetna Life & Casualty (hereinafter Aetna) commenced the instant proceeding to

permanently stay arbitration of the claim of the respondent Blake Boucher for underinsured motorist benefits under a liability policy issued to him by Aetna. The Supreme Court granted the petition, stating that underinsurance benefits are specifically excluded by the subject policy because the motorcycle which the respondent was operating at the time of the underlying accident was not an insured vehicle under the policy. We reverse.

Aetna's assertion that it had no obligation to timely disclaim in the instant situation because coverage did not exist is without merit (cf., *Zappone v Home Ins. Co.,* 55 NY2d 131, 138; *Presbyterian Hosp. v Aetna Life & Cas. Co.,* 222 AD2d 492, 493). Where, as here, the policy would otherwise have covered the underlying accident, and the claim that it does not is based upon an exclusion in the policy, the insurance carrier is required to provide a timely notice of disclaimer (*see, Planet Ins. Co. v Bright Bay Classic Vehicles,* 75 NY2d 394, 400).

"It is well established that an insurance carrier will be estopped from disclaiming coverage based on an exclusion in a policy when it has delayed unreasonably in issuing its disclaimer" (*Matter of Allstate Ins. Co. v Ferrone,* 232 AD2d 479; *see, Hanover Ins. Co. v Suffolk Overhead Door Co.,* 207 AD2d 428, 430; *Mount Vernon Fire Ins. Co. v Unjar,* 177 AD2d 480, 481). In the instant case, Aetna issued its disclaimer about one year after it acquired sufficient facts to do so. This was an unreasonable delay under the circumstances of this case, and Aetna is therefore estopped from disclaiming coverage (*see, Hanover Ins. Co. v Suffolk Overhead Door Co., supra; Mount Vernon Fire Ins. Co. v Unjar, supra).* Rosenblatt, J. P., Pizzuto, Krausman and Florio, JJ., concur.