*367
 
 OPINION OF THE COURT
 

 Ciparick, J.
 

 In addition to interpreting various insurance policy provisions in this case, we must decide whether the antisubrogation rule promulgated in
 
 Pennsylvania Gen. Ins. Co. v Austin Powder Co.
 
 (68 NY2d 465) bars a claim of indemnity by an excess and primary carrier of insurance purchased by the owner of a leased van against the lessee’s carrier.
 

 This dispute among three insurers centers on coverage of an automobile accident involving a leased van driven by an employee of defendant Continental Copy Products, Ltd. and owned by defendant A-Drive Corporation. A-Drive, the owner/lessor, had purchased primary insurance for the van from Reliance Insurance Company and excess insurance from Jefferson Insurance Company. Continental Copy, the lessee, had purchased comprehensive coverage from Travelers Indemnity Company; the Travelers policy also contained an endorsement naming A-Drive as an insured under its policy.
 
 *
 
 The injured pedestrian, Teklia Perun, sued the driver and A-Drive as owner in the underlying personal injury action. She did not sue
 
 *368
 
 Continental Copy. As insurers of owner/lessor A-Drive, Reliance paid the entire $500,000 limit of its primary policy and Jefferson paid $400,000 of its $500,000 excess policy to settle Rerun’s claims against A-Drive.
 

 Jefferson then brought this declaratory judgment action against Travelers and also named as defendants Reliance, A-Drive and Continental Copy, but only sought affirmative relief from Travelers. On Jefferson’s motion, and Reliance and Travelers’ cross motions, all for summary judgment, the courts below held Travelers liable for the entire $900,000 settlement amount under its $1 million general/contractual liability policy, with the exception of $10,000, which the courts determined was Reliance’s exposure for this loss based on a “step-down” endorsement to its policy.
 

 Jefferson and Reliance seek recovery under the Travelers policy. They make essentially two arguments under two distinct theories, both successful in the courts below. First, they argue that the endorsements to Travelers’ policy with Continental Copy also made Travelers a primary insurer of A-Drive, and as such Travelers must share in covering A-Drive’s loss. Second, on an indemnity theory, they argué that — because the rental agreement between A-Drive and Continental Copy required Continental Copy to indemnify A-Drive — Travelers as Continental Copy’s insurer must indemnify Jefferson and Reliance as the insurers of A-Drive notwithstanding the antisubrogation rule.
 

 Travelers is appellant here. It claims that it did not insure A-Drive at all but insured only Continental Copy. Although one endorsement to its policy states that A-Drive is to be included under a paragraph of the “who is insured” provision and another endorsement states that “hired and non-owned coverage is hereby applicable,” Travelers maintains that the lower courts were incorrect in determining that these endorsements created coverage for A-Drive, and that its delay in disclaiming coverage could create coverage, where, by its plain terms, no coverage ever existed for A-Drive under the policy. Even if it can be considered the insurer of A-Drive, Travelers contends that the lower courts nonetheless erred in concluding that it provided insurance under its general/contractual liability policy and instead should have been deemed an insurer only under its business auto policy and, if so, solely as an excess insurer based on its “other insurance” provision. Travelers also asks this Court to reexamine whether the “step-down” endorsement to Reliance’s policy was effective to limit its coverage to $10,000.
 

 
 *369
 
 We granted Travelers leave to appeal and we now modify the order of the Appellate Division by granting Travelers’ motion for summary judgment against Reliance and by denying Reliance’s motion for summary judgment. We conclude that (1) Jefferson and Reliance can recover against Travelers as a primary coinsurer of A-Drive under its $500,000 business auto policy; (2) the “step-down” endorsement to the Reliance policy did not limit Reliance’s liability to $10,000; and (3) the antisubrogation rule does, in fact, bar the indemnity claim against Travelers as the insurer of Continental Copy. In essence, then, Travelers and Reliance, as primary coinsurers, will both be responsible for payment of the settlement amounts to the injured pedestrian.
 

 L
 

 We first address whether Travelers’ policy insured A-Drive. The lease between A-Drive and Continental Copy required A-Drive to “provide and maintain in full force and effect at its own expense, a standard form Vehicle Insurance Policy, * * * with minimum coverage * * * [for] Bodily Injury in the amount of $500,000 per person.” It further provided that Continental Copy
 

 “shall indemnify, protect and hold harmless A-Drive * * * from and against any and all claims, liabilities, losses, damages, injuries and expenses, including legal expenses, caused by, arising out of, or connected with the use or operation whether authorized or unauthorized * * * of the vehicle * * *. This indemnity shall survive termination of this lease.”
 

 In accordance with these provisions, A-Drive purchased the Reliance policy as primary insurance on the van, and additionally purchased $500,000 of excess insurance from Jefferson. The policy with Reliance had a “permissive user” clause that made “[ajnyone else * * * an insured while using with your permission a covered auto you own, hire or borrow.” Jefferson’s excess policy “followed the form” of the Reliance policy, incorporating the terms and conditions of the Reliance policy, such that liability triggered under the Reliance policy would also trigger liability under the Jefferson policy after the coverage limit was reached. No party disputes that the van involved in the dispute was a “covered auto” under the Reliance policy, and Jefferson does not contend that a provision in its policy excluded permissive users from its excess coverage.
 

 
 *370
 
 Continental Copy purchased several types of coverage from Travelers, and based on the endorsements to this policy, Jefferson and Reliance claim recovery from Travelers as a primary insurer of A-Drive. Travelers counters that its endorsements provide no coverage for the van that A-Drive rented to Continental Copy.
 

 The Travelers policy is really a three-fold policy, a general/ contractual liability policy, a bodily injury policy and a business auto policy. One of Travelers’ endorsements, “additional insured,” includes A-Drive under “Paragraph 3 of the ‘who is insured’ provision.” The courts below considered this reference sufficient to make A-Drive an insured under the general/ contractual liability portion of the policy, with its $1 million in coverage. However, this portion of the policy refers to a provision that appears only in the business auto policy. The general liability section, by contrast, contains only a “persons insured” portion. Thus, the courts below erred in holding that A-Drive was an insured under the general/contractual liability portion of the policy.
 

 Travelers’ interpretation that the endorsement does not provide any business auto coverage, however, fails to give the provision meaning and courts cannot read policy provisions to be meaningless
 
 (ZKZ Assocs. v CNA Ins. Co.,
 
 89 NY2d 990, 991). Another attachment, however — the “Hired and Non-Owned Coverage” rider to Travelers’ policy — provides the necessary explanation as to A-Drive’s coverage. It is true that the van involved in the accident is not listed in the Travelers policy, but this is not the full picture. The declarations listed only vehicles Continental Copy owned. Thus, the rented van would not appear there. Instead, the specific change endorsement (bearing the same date as the “additional insured” endorsement) made “Hired and Non-Owned Coverage” applicable pursuant to another attachment that listed “N.Y.” as the State in which such coverage would apply, and also listed a “Rate per each $100 cost of hire” and a premium amount. That the van is not specifically listed is not determinative in that this endorsement has no such requirement.
 

 Travelers’ efforts at avoiding coverage are further weakened by its failure to disclaim coverage after it received notice of the claim. Travelers is correct that estoppel cannot create coverage when none existed under the policy’s terms
 
 (see, Zappone v Home Ins. Co.,
 
 55 NY2d 131). However, where some ambiguity is present regarding the extent of coverage or any possible exclusions, the insurer must timely disclaim
 
 (see,
 
 Insurance
 
 *371
 
 Law § 3420 [d];
 
 Planet Ins. Co. v Bright Bay Classic Vehicles,
 
 75 NY2d 394, 399-400;
 
 Allstate Ins. Co. v Gross,
 
 27 NY2d 263).
 

 Based on the language of the endorsement, the question remaining is not whether A-Drive could be considered an insured, or whether coverage existed under any circumstances, but instead the nature and extent of coverage of A-Drive. The endorsement indicated that A-Drive was to be included in Paragraph 3 of the “who is insured” provision, and any limitation on A-Drive’s inclusion in the policy amounts to an attempt by Travelers only to exercise a policy exclusion. This Court has consistently held policy exclusions are to be narrowly construed, and an explanation of how they neutralize coverage, otherwise operative, must be asserted by the insurer in a timely fashion
 
 (see, Continental Cas. Co. v Rapid-American Corp.,
 
 80 NY2d 640, 652;
 
 Planet Ins. Co. v Bright Bay Classic Vehicles, supra,
 
 75 NY2d, at 400;
 
 Zappone v Home Ins. Co., supra,
 
 55 NY2d, at 138).
 

 Here, Travelers first notified Jefferson that it knew of the possible claim against its policy in September of 1990. Although Jefferson kept Travelers apprised of the settlement proceedings and provided requested information, Travelers never disclaimed coverage until its answer in this lawsuit, in June 1995. This 4V2-year delay was unreasonable as a matter of law
 
 (see, Allstate Ins. Co. v Gross,
 
 27 NY2d 263).
 

 In the end, we are persuaded that an ordinary business entity could reasonably expect that A-Drive’s van was covered under the endorsements to the Travelers $500,000 business auto policy
 
 (see, Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,
 
 60 NY2d 390, 398). Given Travelers’ failure to timely disclaim, any purported exclusion must be construed against Travelers and in favor of business auto coverage for A-Drive.
 

 IL
 

 We next determine whether Travelers’ coverage of A-Drive was primary or excess, and the priority of payments among Travelers, Reliance and Jefferson. Coverage provided by Reliance was undisputedly primary. Thus, in accordance with the terms of the policy, Reliance must share ratably in covering A-Drive’s loss with all other insurers that provide primary coverage to A-Drive’s rented van. Travelers contends that the first paragraph of the “other insurance” provision in its business auto policy makes its coverage excess to Jefferson and Reliance. Although the provision refers only to Continental Copy, we interpret this provision in light of our conclusion that Travelers’ endorsements included coverage of A-Drive.
 

 
 *372
 
 New York applies
 
 “a
 
 functional analysis to separate lines of insurance, and an insurance policy should be read in light of the role it is to play”
 
 (Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.,
 
 45 NY2d 551, 558). We seek the purpose of the insurance policy, in part, by reference to the commonsense meaning of the terms that describe the policy’s coverage vis-a-vis other insurance
 
 (Lumbermens Mut. Cas. Co. v Allstate Ins. Co.,
 
 51 NY2d 651, 656-657). Where such terms in two or more policies conflict — as two policies that purport to be excess over each other — insurers must contribute in the proportion their policies bear to the limit of coverage at that level
 
 (id,.,
 
 at 655;
 
 Kansas City Fire & Mar. Ins. Co. v Hartford Ins. Group,
 
 57 NY2d 920, 922). However, a policy that explicitly provides that it is to be excess over other excess coverage can he speciñcálly enforced by the court
 
 (State Farm Fire & Cas. Co. v LiMauro,
 
 65 NY2d 369, 375-376).
 

 No commonsense meaning, however, can be attributed to Travelers’ “other insurance” provision in light of the endorsements. Even though the provision contains a clause making its coverage excess for nonowned vehicles that clause does not bar primary coverage of A-Drive or make coverage excess to that provided by Jefferson or Reliance. No limitation as to the type of coverage, whether primary or excess, appears in the Travelers endorsement making A-Drive an additional insured. The Travelers policy, moreover, was designed to provide primary insurance for Continental Copy and thus, after finding that A-Drive was an additional insured under this policy, it would naturally follow that coverage of A-Drive was also primary
 
 (see, Handelsman v Sea Ins. Co.,
 
 85 NY2d 96, 101;
 
 Lavanant v General Acc. Ins. Co.,
 
 79 NY2d 623, 629).
 

 The Jefferson policy, on the other hand, specifically described its coverage as excess insurance, and defined its losses as those in excess of all other insurance that could cover the risk. Thus we conclude that Travelers and Reliance, who contracted for primary coverage, must provide it, and, Jefferson, who contracted for excess coverage, is “last on the risk.”
 

 Travelers and Reliance, as primary coinsurers of A-Drive, must share dollar-for-dollar in covering the $900,000 loss. Both policies have the identical provision as to what constitutes “our share.” As both the Reliance and Travelers policies had a $500,000 limit of primary auto coverage, and they were the only two insurers that provided primary coverage in this case, each ostensibly covers one half of the loss. Jefferson’s excess policy was never reached.
 

 
 *373
 
 We next turn to Reliance’s assertion that its “step-down” endorsement limited its coverage of A-Drive’s van to $10,000. Although Reliance’s endorsement purports to limit coverage of “leased autos,” that term is specifically defined in the endorsement to mean an auto that A-Drive leased “under a lease agreement which requires
 
 the lessee
 
 to provide primary insurance for you” (emphasis added). The rental agreement between A-Drive and Continental Copy, however, required
 
 the lessor,
 
 A-Drive, to maintain $500,000 of primary coverage. Consequently, under the terms of the policy, the van was not a “leased auto,” and Reliance’s full policy is available to pay claims. Indeed, to read the endorsement as limiting coverage is to undercut the intent of the parties, which, as evidenced by the rental agreement, was that A-Drive was to provide $500,000 in insurance coverage for the van. The courts below thus erred in limiting Reliance’s coverage to $10,000.
 

 ¡IL
 

 Reaching Jefferson and Reliance’s alternative theory of recovery — indemnity—we conclude that the antisubrogation rule did bar the indemnity claim against Travelers as the insurer of Continental Copy.
 

 As this Court has long recognized, an insurer has a right of subrogation, or, in other words, can “stand in the shoes” of its insured to seek repayment from a third party whose wrongdoing caused the loss to the insured which the insurer was obligated to cover
 
 (Federal Ins. Co. v Andersen & Co.,
 
 75 NY2d 366, 373-374;
 
 Ocean Ace. & Guar. Corp. v Hooker Electrochemical Corp.,
 
 240 NY 37, 47). Although we have noted that the “ ‘principle of subrogation ought to be liberally applied’ ” to protect its beneficiaries
 
 (Federal Ins. Co. v Andersen & Co., supra,
 
 at 373) and to achieve its objectives
 
 (Winkelmann v Excelsior Ins. Co.,
 
 85 NY2d 577, 581), we have also limited the right, on policy grounds, where the insurer seeks a claim in subrogation against its own insured
 
 (North Star Reins. Corp. v Continental Ins. Co.,
 
 82 NY2d 281, 294-296;
 
 Pennsylvania Gen. Ins. Co. v Austin Powder Co.,
 
 68 NY2d 465, 471-472,
 
 supra).
 
 This antisubrogation rule — that an insurer cannot be a subrogee against its insured on the very claim for which the insured was covered — is premised, in part, on the avoidance of a conflict of interest that would undercut the insurer’s incentive to provide an insured with a vigorous defense. Additionally, enforcement of the rule seeks to prohibit an insurer from passing its loss to its own insured.
 

 
 *374
 
 In
 
 Pennsylvania General,
 
 defendant Austin Powder had rented a truck from Bison Ford Truck Sales, and the rental agreement required Bison Ford to obtain primary insurance for the truck and further required that Austin Powder indemnify Bison Ford for any liability stemming from the use of the vehicle. The truck was subsequently involved in an explosion causing property damage. Bison Ford’s insurer, Liberty Mutual Insurance Co., settled a claim that had been made against Bison Ford as owner of the truck, and thereafter sought to subrogate itself to the rights of Bison Ford, suing Austin Powder for indemnification as provided in the rental agreement. This Court, noting that Austin Powder in a previous judgment was declared an “additional insured” under Bison Ford’s Liberty Mutual policy, held that an antisubrogation rule applied to bar recovery by Liberty Mutual, as subrogee, from Austin Powder and its insurer Aetna Insurance Company. This would have represented “an attempt by an insurer to recover from its other insured, Austin Powder, for the very loss for which Austin Powder was supposed to be covered”
 
 (Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra,
 
 68 NY2d, at 470-471). This rule applied notwithstanding Austin Powder’s agreement to indemnify Bison Ford. The policy behind the rule was more important than the parties’ agreement on indemnification.
 

 Paralleling
 
 Pennsylvania General,
 
 Jefferson and Reliance, who insure A-Drive (the owner of an injury-causing vehicle), seek to recover as subrogees on the theory that the vehicle’s lessee, Continental Copy, who as a permissive user is also their own additional insured, is required to indemnify them. Just as Liberty Mutual as subrogee was prohibited from seeking indemnity against its additional insured Austin Powder, Jefferson and Reliance as subrogees should be prohibited from recovering from Travelers in its capacity as insurer of Continental Copy. Jefferson and Reliance insured not only A-Drive, but Continental Copy as well. It is clear that as a lessee Continental Copy was a permissive user of the van, and as such was ■ an insured by virtue of that portion of Reliance’s “who is insured” clause which stated that “[alnyone else is an insured while using with your permission a covered auto you [A-Drive] own, hire or borrow.”
 

 The Appellate Division seemingly relied on the fact that Continental Copy was not a specifically named insured in the Reliance and Jefferson policies. For the purposes of the antisubrogation rule, there is simply no reason for treating a
 
 *375
 
 “permissive user” insured differently than a named insured. An insurer covering a permissive user under its policy would still be subject to the same potential conflict of interest, and an insurer in explicitly providing for such coverage should not be surprised to pay claims that it covered. Indeed, by statute, New York requires each automobile policy to cover the named insured for any loss or damage occasioned by “any person operating or using [the vehicle] with the permission, express or implied, of the named insured” (Insurance Law § 3420 [e]).
 

 This Court has not differentiated between permissive user insureds and named insureds, except to the extent that the specific policy terms required a difference in treatment
 
 (see, Sperling v Great Am. Indem. Co.,
 
 7 NY2d 442, 449;
 
 Greaves v Public Serv. Mut. Ins. Co.,
 
 5 NY2d 120, 123). Thus, the fact that Reliance insured Continental Copy because it was a permissive user of the van instead of a named insured is immaterial for purposes of application of the antisubrogation rule, and a claim against Travelers grounded on an indemnity theory of recovery must fail.
 

 rv.
 

 In the end, the theory that the endorsement to the Travelers policy made Travelers a primary insurer of A-Drive — a coinsurer with Reliance of the same insured — does not run afoul of the concerns underlying the antisubrogation rule. Thus, Travelers is required to reimburse Jefferson, the excess carrier, for the amount it paid in settlement of the underlying claim against A-Drive. Reliance, with its “step-down” provision inapplicable here, is liable for an equal amount of the underlying claim. Jefferson is not liable for any excess coverage as the amount of the settlement falls within the total primary coverage available.
 

 Accordingly, the order of the Appellate Division should be modified, without costs, in accordance with this opinion, and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Wesley concur.
 

 Order modified, etc.
 

 APPENDIX
 

 RELIANCE POLICY PROVISIONS
 

 Reliance’s “who is insured” Provision
 

 “Anyone else is an insured while using with your
 

 
 *376
 
 [A-Drive’s] permission a covered auto you own, hire or borrow.”
 

 Reliance’s Endorsement Relating to “Leased Autos”
 

 “ ‘Leased auto’ means an auto you [A-Drive] lease to a lessee for one year or more, including any substitute,' replacement or extra auto needed to meet seasonal or other needs, under a lease agreement which requires the lessee to provide primary insurance for you.”
 

 * * *
 

 “For the lessee, any employee or agent of the lessee or any person, except you or your employees or agents operating the leased auto with the permission of any of these, the limit of our liability for the insurance provided by this endorsement is the minimum limit required by any applicable compulsory or financial responsibility law [$10,000].”
 

 TRAVELERS POLICY PROVISIONS
 

 Travelers’ “who is insured” Provision
 

 “1. You [Continental Copy] are an Insured for any covered auto.
 

 “2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except:
 

 “a. The owner of a covered auto you hire or borrow from one of your employees or a member of his or her household.
 

 “b. Someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is yours.
 

 “c. Anyone other than your employees, a lessee or borrower or any of their employees, while moving property to or from a covered auto.
 

 “3. Anyone liable for the conduct of an Insured described above is an Insured but only to the extent of that liability. However, the owner or anyone else
 
 *377
 
 from whom you hire or borrow a covered auto is an Insured only if that auto is a trailer connected to a covered auto you own.”
 

 Travelers’ “additional insured” Endorsement
 

 This endorsement to the Travelers policy has the heading “this ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY” and the title “additional insured.” It is dated June 20, 1985 and effective from April 2, 1985. It states, in pertinent part:
 

 “Paragraph 3 of the ‘who is insured’ provision includes the person or organization indicated below, but only for his, her or its liability because of acts or omissions of an Insured under paragraphs 1, or 2, of that provision, subject to the following additional provisions:
 

 “1. No liability is assumed by that person or organization for the payment of any premiums stated in the policy or earned under the policy.
 

 “2. In the event of cancellation of the policy, written notice of cancellation will be mailed by us to that person or organization.
 

 “Person or Organization
 

 “a-drive corporation”.
 

 Travelers’ “other insurance” Provision
 

 “1. For any covered auto you own this policy provides primary insurance. For any covered auto you don’t own, the insurance provided by this policy is excess over any other collectible insurance. * * *
 

 “2. When two or more policies cover on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the limit of our policy bears to the total of the limits of all the policies covering on the same basis.” [An identical provision appears in the Reliance policy.]
 

 *
 

 The relevant provisions of the Reliance and Travelers policies appear in the attached appendix.