■ In the Matter of WORCESTER INSURANCE COMPANY, Respondent, v THOMAS BETTENHAUSER, Appellant. [688 NYS2d 202]

—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, Thomas Bettenhauser appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated May 1, 1997, which granted the petition.

Ordered that the order is affirmed, with costs.

The appellant, Thomas Bettenhauser, was involved in an accident while operating a vehicle which he owned and which was insured by Worldwide Underwriters Insurance Company (hereinafter Worldwide). At the time of the accident, the appellant lived with his parents, who had three automobiles separately insured under a policy issued by the petitioner, Worcester Insurance Company (hereinafter Worcester). The appellant collected the policy limit from the insurer of the other driver involved in the accident. Moreover, since underinsured motorist benefits were not available to the appellant under his policy with Worldwide, he made a claim for such benefits under his parents' policy with Worcester, which contained an underinsured motorist endorsement in the amount of $500,000. More than one year later, and following a demand by the appellant for arbitration of his claim, Worcester commenced this proceeding to stay arbitration on the ground that the policy issued to the appellant's parents did not afford underinsured motorist coverage to the appellant for the accident because his vehicle had not been insured for such coverage. The appellant argued that Worcester was attempting to deny coverage pursuant to an exclusion contained in the policy, and that the disclaimer was manifestly untimely and therefore ineffective. The Supreme Court found that the policy did not provide coverage for the appellant's accident and granted the petition to stay arbitration. We affirm.

While the appellant is a "family member" under the terms of the policy issued by Worcester to his parents, and he clearly was injured in an accident with an underinsured motor vehicle, the underinsured motorist endorsement contained in the policy indicates, in relevant part, as follows:

"We do not provide Underinsured Motorists coverage for 'bodily injury' sustained by any person:

"1. While 'occupying' * * * any motor vehicle owned by * * * any 'family member' which is not insured for this coverage under this policy".

Pursuant to the foregoing clear and unambiguous language of the policy endorsement, underinsured motorist coverage does not extend to the appellant in this case because he was injured while occupying a vehicle which he owned and which

was not listed as a covered vehicle under his parents' policy. As we have held under similar circumstances involving policy language virtually identical to that at bar, this policy language expresses a lack of coverage for which no prompt disclaimer is required (*see, Matter of Liberty Mut. Ins. Co. v Panetta,* 187 AD2d 719; *United States Fid. & Guar. v Housey,* 162 AD2d 523; *Matter of Continental Ins. Co. v Sarno,* 128 AD2d 870; *see generally, Zappone v Home Ins. Co.,* 55 NY2d 131). This conclusion is not altered by the fact that the language appears under the heading "EXCLUSIONS" in the endorsement. Accordingly, Worcester "cannot be compelled to arbitrate a claim which the parties never agreed to arbitrate and for which no coverage was provided" (*Matter of Continental Ins. Co. v Sarno, supra,* at 871). To the extent that our decisions in *Matter of General Acc. Ins. Co. v Lobritto* (240 AD2d 493), *Matter of Aetna Life & Cas. v Boucher* (238 AD2d 414), and *Matter of Unigard Ins. Group v Bothwell* (237 AD2d 450) may be read to the contrary, they should no longer be followed.

The appellant mistakenly relies upon the decision of the Court of Appeals in *Planet Ins. Co. v Bright Bay Classic Vehicles* (75 NY2d 394) to support his position. That case involved liability coverage under a fleet insurance policy applicable to rental cars leased for less than 12 months. When one of the rental cars was involved in an accident, the insurer paid the injured third-party's property damages and undertook the defense of his personal injury claims, all pursuant to the terms of the policy. However, more than two years after the accident, and approximately 11 months after obtaining a copy of the rental agreement for the car, the insurer denied coverage on the basis that the car had been leased for a period of 24 months. The insurer maintained that the car was not a covered vehicle under the fleet policy and that a prompt disclaimer on that basis was unnecessary. The Court of Appeals disagreed, finding that the car was covered under the policy because, *inter alia,* a certificate of insurance had been issued for the car and the insurer had received a premium for the coverage. Hence, the limitation on the length of the rental did not create a lack of coverage *ab initio,* but merely constituted an exclusion under the policy for which the requisite timely disclaimer had not been made. The decision relied heavily upon "compelling policy considerations", with the Court reasoning that the adoption of the insurer's position would "directly [contravene] 'the public policy that victims of automobile accidents should have recourse to a financially responsible defendant' " (*Planet Ins. Co. v Bright Bay Classic Vehicles, supra,* at 401, quoting *MVAIC v Continental Natl. Am. Group Co.,* 35 NY2d 260, 265; *see also,*

*Rosado v Eveready Ins. Co.,* 34 NY2d 43). Unlike the situation in the *Planet Ins.* case, the policy issued by Worcester in the matter at bar never listed the vehicle owned by the appellant as a covered vehicle and therefore never provided coverage for that vehicle. Accordingly, to require coverage under these circumstances would "produce the unfair result [of] * * * imposing on the insurer 'an added source of indemnification which had never been contracted for and for which no premium had ever been paid'" (*Planet Ins. Co. v Bright Bay Classic Vehicles, supra,* at 402, quoting *Zappone v Home Ins. Co, supra,* at 137). Moreover, the instant case does not involve automobile liability coverage, which is mandated by statute and strictly regulated by the Superintendent of Insurance. Rather, this matter concerns underinsured motorist coverage, an optional type of coverage which is largely the product of the freedom of contract between the insurer and the insured. Therefore, the same policy considerations which played such a prominent role in the *Planet Ins.* decision are not implicated in this matter.

Following the decision of the Court of Appeals in *Zappone v Home Ins. Co.* (*supra*) in 1982, this Court had the occasion to decide a number of cases similar to the matter now before us and involving almost identical policy language. In each of the cases, *Matter of Continental Ins. Co. v Sarno* (*supra*) in 1987, *United States Fid. & Guar. v Housey* (*supra*) in 1990, and *Matter of Liberty Mut. Ins. Co. v Panetta* (*supra*) in 1992, we found that the coverage was not included in the policy and hence there had been no agreement to arbitrate. This was the settled law in this Judicial Department.

The recent cases now relied on by the dissent, all of which were decided between March and June 1997, make no effort to explain their deviation from our established rule or to distinguish the earlier cases factually. Furthermore, each of these recent cases relies, at least in part, on *Planet Ins. Co. v Bright Bay Classic Vehicles* (*supra*), which even the dissent now agrees is not applicable to this case at all. Sullivan, Joy and Altman, JJ., concur.

Luciano, J., dissents and votes to reverse the order, deny the petition, and dismiss the proceeding to permanently stay arbitration in the following memorandum, with which Mangano, P. J., concurs in result only. I disagree with the majority that the express exclusionary language of the Bettenhausers' automobile underinsurance policy represents a "lack of inclusion" of coverage, thereby rendering prompt notice of disclaimer unnecessary. My colleagues would permit Worcester Insurance Company (hereinafter Worcester) to avoid its

responsibility to its insureds despite the express language of the insurance policy which provides for underinsurance coverage to all Bettenhauser family members, except in the event that the covered person is operating an automobile which is not covered by the policy. The command of Insurance Law § 3420 (d) and the circumstances of this case compel prompt notice of disclaimer to avoid prejudice to the insureds. Accordingly, I would reverse the order appealed from, deny the petition, and dismiss the proceeding.

The Court of Appeals is particularly instructive on this issue. In *Zappone v Home Ins. Co.* (55 NY2d 131), the Court of Appeals explained, *inter alia*, that an insurance policy which covers neither the person nor the vehicle involved in an automobile accident does not create an insurer-insured relationship as to liability by reason of that policy (*Zappone v Home Ins. Co., supra*, at 136, 139). Thus, for example, if the appellant Thomas Bettenhauser was not a family member as defined in the Worcester insurance policy and, at the time of the accident, he was driving a car which was not listed in the insurance policy, there would be no requirement for Worcester to disclaim coverage since the parties never contracted to insure against the happening of an accident involving either the person or the vehicle. This circumstance is defined by the Court of Appeals as a "lack of inclusion" (*Zappone v Home Ins. Co., supra*, at 137). If, therefore, the insured made a claim, the insurer could deny coverage on the ground that the terms of the insurance policy did not provide coverage. Accordingly, notice of disclaimer, timely or otherwise, would be unnecessary.

The Court of Appeals compared the example showing a "lack of inclusion" to one which epitomizes an "exclusion". The Court of Appeals went on to say that an "exclusion" occurs when coverage has been provided to certain persons for the happening of specific events unless the parties have agreed that said coverage will not be extended to those persons under particular and enumerated circumstances. In this event, if the insurer sought to deny coverage, it would be compelled to give prompt notice of disclaimer of insurance coverage based upon the exclusionary language. The direct and express force of the obligation of prompt disclaimer under these circumstances is to avoid misleading the insured and the injured person to their detriment (*Zappone v Home Ins. Co., supra*, at 136; Insurance Law § 3420 [d]). The language of the insurance policy is not transmutable or intricate, but immutable and devoid of complexity.

It is virtually impossible to imagine a clearer example of the

"exclusion" discussed by the Court of Appeals than that embodied in the circumstances of the present case. Here, the parties contemplated the possibility of an event, to wit, injury from an accident involving the named insureds and/or their family members (i.e., relatives living in the insureds' home), the damages for which there would be insufficient insurance coverage. They, therefore, agreed that Worcester would provide underinsurance coverage to the Bettenhauser family, and the insurance policy expressly so stated. The parties further agreed, however, that in the event that the accident occurred while the named insured or a family member was driving a car not specifically listed in the policy, coverage would be excluded. This agreed-upon limitation of coverage was expressly enumerated in language under the nomenclature "Exclusions". The majority would have us interpret this language to mean that despite the parties' express agreement, the explicit choice to exclude coverage must be treated as if coverage had never been contemplated at all. This renders the word "exclusion" meaningless, with the result that the insurance company is relieved of all responsibility. Why then employ the word "exclusion"? The sole reason was to give assurance of the boundaries of coverage and definition to the rights of the insured.

If we are to follow to its logical conclusion Worcester's argument that exclusionary language is to be read as the non-existence of coverage for which no disclaimer is required, there would never be an instance involving an "exclusion" in which the insurer would be compelled to give timely notice. Indeed, exclusionary language would then never be a necessary component of any insurance policy.

In the context of this case, if, as Worcester contends, it never provided underinsurance coverage to Thomas Bettenhauser as a family member, all language limiting the circumstances under which coverage would be granted would be without force. Worcester's precise explication of the circumstances under which it would decline to provide coverage, however, represents its express acknowledgment that, but for the specific limitation, it would provide coverage to all the members of the Bettenhauser family in the event that an accident occurred which involved an underinsured vehicle.

No method of legal principle or philosophical analogy other than common sense is necessary to conclude that an insurance company should not be permitted to take inconsistent positions in order to ensure that its liability is limited. If Worcester seeks to rely upon the terms of the policy to deny coverage,

then it cannot also argue that coverage does not exist in order to avoid giving timely notice. The consequence of denying coverage based upon an "exclusion" is that notice of disclaimer must be timely in order to preserve the right to raise the "exclusion" as a defense against a claim (Insurance Law § 3420 [d]). No currency of language or logic supports Worcester's argument.

I agree with my colleagues that the appellant mistakenly relies upon *Planet Ins. Co. v Bright Bay Classic Vehicles* (75 NY2d 394), since that case is readily distinguishable upon its facts. Nevertheless, *Zappone v Home Ins. Co.* (*supra*, at 136-137), in which the Court of Appeals explained the significance of a "lack of inclusion" as compared with an "exclusion", more appropriately applies to the circumstances of this case.

Furthermore, I find compelling that in the past two years this Court has properly relied upon the reasoning of *Zappone v Home Ins. Co.* (*supra*) by holding that in circumstances which were factually identical to this case, and where the relevant policy terms replicated the language of Worcester's policy, the policy terms were construed as "exclusions" requiring timely notice of disclaimer (*see, Matter of General Acc. Ins. Co. v Lobritto,* 240 AD2d 493; *Matter of Aetna Life & Cas. v Boucher,* 238 AD2d 414; *Matter of Unigard Ins. Group v Bothwell,* 237 AD2d 450). These cases clearly yield the principle by their bare words that but for the "exclusionary" language, a member of the insured's family would have been covered in the event of an accident with an underinsured vehicle.

It is respectfully suggested that by declining to follow the precedent so recently set by this Court, we are departing, without adequate justification, from the tenets of stare decisis. I must, therefore, vote to reverse the Supreme Court's order, deny the petition, and dismiss the proceeding to permanently stay arbitration.