OPINION OF THE COURT
John P. Lane, J.
*258 The court has considered the following papers on motions by plaintiff Benderson Development Company, Inc. for orders declaring that defendant Transcontinental Insurance Company must defend and indemnify it in an action entitled Carr v Benderson Dev. Co., Inc. (Erie County Index No. 2000/3369), directing Transcontinental to pay Benderson Development Company’s defense costs in the Carr action, declaring that Transportation Insurance Co. owes it coverage in connection with the Carr action applying before any self-insured retention or insurance policy issued to Benderson, granting Benderson leave to amend its complaint and join Transportation Insurance Co. as a defendant to assert a claim against it for excess/umbrella coverage in connection with the Carr action, and such further relief as the court deems just and proper (affirmation of Timothy E. Delahunt, Esq., Sept. 14, 2005; affidavit of Joseph P. Kieffer, Esq., Sept. 13, 2005; affirmation of Susan C. Roney, Esq., Oct. 31, 2005).
In 1997, plaintiff Benderson Development Company, Inc. entered into an agreement with Sahlem’s Roofing & Siding, Inc. for the construction of roofing for three buildings at the Tops Plaza in Elmira, New York. The only documentary evidence of the agreement is a purchase order. According to Benderson, it required Sahlem’s, as the successful bidder, to defend, indemnify and hold it harmless from any claims arising out of the work to he performed. Sahlem’s was also required to procure both primary and excess insurance coverage for Benderson’s benefit and to provide a certificate of insurance acceptable to Bender-son showing that it had been named as an additional insured on all of the bidder’s policies of insurance other than workers’ compensation.
Sahlem’s provided Benderson with a certificate of insurance identifying a commercial general liability policy issued by CNA Insurance, defendant Transcontinental Insurance Company’s parent. The certificate also identified an excess liability insurance policy issued by Transportation Insurance Co., another CNA affiliate. The certificate states: “Benderson Development Company, Inc. and all of its subsidiaries, affiliated entities and affiliated companies are additional insureds ATIMA” and identifies Benderson as the certificate holder. The coverages provided include commercial general liability and excess liability (plaintiff’s exhibit 5).
Benderson moves pursuant to CPLR 3001 and 3212 for an order declaring that defendant Transcontinental is obligated to *259 defend and indemnify it in an action commenced by Daniel Carr, an employee of Sahlem’s, who seeks damages for personal injuries he allegedly sustained while working on the Benderson project. It also seeks an order declaring that Transportation Insurance Co., which is not a party to this action, provide excess insurance coverage in the Carr action. Benderson also moves separately to join Transportation Insurance Co. as a defendant and amend the complaint to seek defense and indemnification by it.
When Carr commenced his action, Benderson demanded that Sahlem’s and Transcontinental defend and indemnify it. Acknowledging Benderson’s status as an additional named insured, CNA, on behalf of Transcontinental, nevertheless rejected Benderson’s tender pursuant to an endorsement in Sahlem’s policy stating that
“any additional insured coverage will be provided on an excess basis, unless primary coverage is specifically requested by contract . . . Since neither [Benderson’s] Purchase Order [to Sahlem’s] nor the Certificate of Insurance required primary additional insured coverage, excess coverage, only, applies.”
In the absence of primary coverage and any contractual obligation by Sahlem’s to indemnify and defend Benderson, the tender was denied (see plaintiffs exhibit 9).
Transcontinental argues there is no evidence that Sahlem’s received Benderson’s instruction to bidders document requiring contractors to provide primary insurance coverage or indemnification and Sahlem’s had not received those instructions in connection with earlier jobs it had done for Benderson. The purchase order that was prepared by Benderson does not call for Sahlem’s to indemnify and defend Benderson or to name Benderson as an additional insured on its insurance policies or otherwise address insurance requirements. Benderson has produced no evidence supporting its claim for indemnification, defense or additional primary insured status other than the certificate of insurance issued by CNA to Benderson. Benderson is not entitled to summary judgment and the declaratory relief it seeks. The court agrees.
The certificate of insurance Sahlem’s provided states that it is issued as a matter of information only and confers no rights upon the holder, and “does not amend, extend or alter the coverage afforded by the policies [listed] . . . [and] the insurance afforded by the policies described herein is subject to all the terms, *260 exclusions and conditions of such policies” (plaintiffs exhibit 5). Sahlem’s insurance policy states that any coverage provided to an additional insured “shall be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless a [written or oral] contract specifically requires that this insurance be primary or [the insured requests] that it apply on a primary basis” (plaintiffs exhibit 15 [blanket additional insured endorsement]).
Although the certificate naming Benderson as an additional insured is some evidence of an agreement by Transcontinental to provide coverage, it is not conclusive proof of the existence of an agreement to provide primary coverage, nor, in and of itself, a contract to insure or indemnify Benderson (see Buccini v 1568 Broadway Assoc., 250 AD2d 466, 469-470 [1998], citing Bucon, Inc. v Pennsylvania Mfg. Assn. Ins. Co., 151 AD2d 207, 210 [1989]). Unlike the situation in Pecker Iron Works of N.Y. v Traveler’s Ins. Co. (99 NY2d 391 [2003]), Benderson has not come forward with evidence of an agreement requiring Sahlem’s to provide primary insurance to or indemnify it (compare Jefferson Ins. Co. of N.Y. v Travelers Indem. Co., 92 NY2d 363, 372 [1998]; Niagara Mohawk Power Corp. v Skibeck Pipeline Co., 270 AD2d 867 [2000]; Buccini; Bucon). I decline to adopt Benderson’s argument that Pecker Iron Works has established a rule of law entitling it to primary coverage under the certificate of insurance, in the absence of an agreement by Sahlem’s to that effect. Benderson has failed to shift the burden of coming forward with evidence entitling it to summary judgment.
Benderson’s motion for summary judgment and declaratory relief against Transcontinental is denied, as is its motion directed against Transportation Insurance Co., which is not a party to this action and has not been noticed. Benderson’s motion to join Transportation Insurance Co. as a defendant and amend the complaint accordingly is granted.