Order, Supreme Court, New York County (Jane S. Solomon, J.), entered October 15, 2010, which to the extent appealed from as limited by the briefs, denied plaintiffs’ motion for summary judgment seeking contractual indemnification, and order, same court and Justice, entered June 27, 2011, which, inter alia, granted defendant Schiavone Construction Company’s motion to renew and reargue, and upon reargument, vacated that portion of its prior decision denying defendant Schiavone’s motion for summary judgment seeking dismissal of the cause of action for contractual indemnification, granted the motion and declared that Schiavone has no obligation to indemnify plaintiffs Tishman Construction Corp. and Carnegie Hall Corporation under the applicable insurance policies, unanimously affirmed, without costs.
Two employees of defendant Schiavone, a subcontractor performing work at a construction site owned by plaintiff Carnegie Hall and managed by plaintiff Tishman, sustained personal injuries when a replacement piston failed on a material hoist in which they were riding, causing it to collapse. One of the employees settled the litigation he commenced as a result of the injuries he suffered, and the other commenced litigation against Carnegie Hall and Tishman, as well as the hoist designer and manufacturer, and the manufacturer of the allegedly defective piston. Since Schiavone was not a party to that litigation, its liability was never determined, and it cannot now be bound by any testimony given by its employees therein (see Riedel Glass Works, Inc. v Indemnity Ins. Co. of N. Am., 261 App Div 886 [1941]), nor does that testimony fall within the parameters of CPLR 4517.
This conclusion is not altered by considering the offered testimony. The apportionment of responsibility between *495 Carnegie Hall, Tishman and Schiavone was not determined in the underlying trial. More importantly, such apportionment is irrelevant to the instant dispute because there are enforceable waivers of subrogation contained within the primary insurance policies issued to the respective parties (see Duane Reade v Reva Holding Corp., 30 AD3d 229, 232-233 [2006]). These waivers preclude recovery by the plaintiffs.
Finally, we reject plaintiffs’ argument that the “cross liability” exclusion contained within the Great American excess policy issued to Schiavone was not a waiver of subrogation; that exclusion must be read together with the contractual indemnification coverage afforded by the underlying National Union policy (cf. Twin City Fire Ins. Co., Inc. v Ohio Cas. Ins. Co., Inc., 480 F3d 1254 [11th Cir 2007]). Coverage under the Great American policy for “contractual liability” followed the underlying form, thereby incorporating National Union’s waiver of subrogation provision (see Jefferson Ins. Co. of N.Y. v Travelers Indem. Co., 92 NY2d 363, 369 [1998]). In contrast, in Twin City Fire Ins. Co. (480 F3d 1254 [2007]), the primary policy provided coverage. Concur — Mazzarelli, J.P., Andrias, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ. [Prior Case History: 2010 NY Slip Op 32868(U).]